### Luke BUSSOLETTI, Petitioner

v.

### DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 26, 2012.

Decided Dec. 19, 2012.

Reconsideration Denied Feb. 13, 2013.

Tom Bussoletti, pro se.

Rebecca M. Taylor, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Judge SIMPSON.

Luke Bussoletti (Recipient), by and through his parents and legal guardians, petitions for review of a final order of the Secretary of the Department of Public Welfare (DPW) upholding a decision of DPW's Bureau of Hearings and Appeals (BHA). BHA affirmed an Administrative Law Judge's (ALJ) order, which denied in part and sustained in part Recipient's appeal of a determination of DPW, Office of Developmental Programs, Greene County

Human Services (GCHS), and Pathways of Southwestern Pennsylvania, Inc. (Pathways) regarding Pathways' discontinuation of door-to-door transportation services. The ALJ denied Recipient's appeal upon determining Pathways acted in accordance with federal and state regulations, but sustained his appeal to the extent Pathways failed to continue door-to-door transportation services during the pendency of the appeal.

Recipient argues Pathways' decision to modify transportation services violates the regulations. Recipient also argues DPW failed to follow all relevant procedures during the appeal process, violated Recipient's due process and equal protection rights, and abandoned the needs of Recipient by supporting the termination of transportation service. Discerning no error, we affirm.

## I. Background

The ALJ made the following relevant findings of fact. Recipient is a 29–year–old male who is diagnosed with mental retardation, chronic bladder infection, and diabetes. Recipient receives medical assistance and home and community-based services under Pennsylvania's Consolidated Waiver [1] (Waiver) and has done so since April 2005. Recipient resides at home with his parents in Greene County. Recipient's home is not located on a paved road.

GCHS is responsible for authorizing all services funded under the Waiver for medical assistance recipients residing in

---

1. The federal government permits states to waive certain medical assistance program requirements governing institutional care in order to provide home and community-based services to specific groups of clients. Section 1915(c) to the Social Security Act, 42 U.S.C. § 1396n(c). Pursuant to this authority, Pennsylvania established the Waiver to provide services to persons with mental retardation to

help them live more independently in their homes and communities and avoid institutionalization. *See* 42 C.F.R. § 441.300. DPW, as the state Medicaid agency, is responsible for the administration and implementation of the Waiver. *Chambers ex rel. Chambers v. Dep't of Pub. Welfare*, 19 A.3d 1 (Pa. Cmwlth.2011). DPW's Office of Developmental Programs operates the Waiver. *Id.*

Greene County. Recipient's individual support plan (ISP) includes the Waiver services of community habilitation and transportation (zone 3). Pathways provided Recipient with community habilitation at its adult training facility and door-to-door transportation services between Recipient's home and Pathways' facility. Recipient attended a day program at Pathways' adult training facility five days per week.

At a meeting on March 8, 2011, Pathways verbally informed Recipient's parents and GCHS it was discontinuing Recipient's door-to-door transportation services effective March 21, 2011. Pathways offered to transport Recipient if he met Pathways at a designated location on the paved roadway, approximately five miles from his home. On March 11, 2011, GCHS sent a written notice to Recipient informing him of Pathways' decision and his right to appeal. Recipient timely appealed. Despite the pendency of Recipient's appeal, Pathways discontinued Recipient's door-to-door transportation services as scheduled, citing financial reasons.

Before the ALJ, GCHS's Assistant Director testified Recipient's home is located on a gravel road, three miles from the paved road. Pathways experienced difficulty picking up Recipient during inclement weather. Pathways indicated the commute caused wear and tear on its vehicle(s), and it was too costly to continue door-to-door transportation services. Pathways is willing to transport Recipient provided he meets the Pathways vehicle somewhere on the main road or other paved roadway. The Assistant Director stated Recipient can choose another provider for his Waiver services, such as Green Arc. The Assistant Director also stated Recipient's parents can drive Recipient to the adult training facility, for which they would receive reimbursement of $0.51 per mile.

Recipient's father testified at least $22,000 is budgeted in Recipient's ISP for transportation services. Yet, Pathways complains this amount is insufficient. Recipient's father stated Recipient previously met the Pathways vehicle at a few different locations during inclement weather or when Pathways did not have an appropriate vehicle to come directly to the house. Recipient's father stated Recipient had never met the vehicle at the proposed meeting place. He does not agree to this meeting place because of the distance from their home and unsafe location to make the transfer. The father stated Green Arc is not their provider of choice because it is located further from their home and does not have a permanent facility at this time. The father asserted Pathways' decision is imposing part of the transportation cost on Recipient's family in violation of the regulations and Waiver.

Citing a federal regulation, 42 C.F.R. § 431.51, and the Waiver, the ALJ determined Recipient can select any "willing and qualified provider" to furnish Waiver services included in his ISP. ALJ's Op., 6/13/11, at 5. The ALJ determined Pathways is no longer willing to provide the door-to-door transportation service.

Ultimately, the ALJ determined Pathways acted in accordance with regulations when it proposed to modify Recipient's transportation service and discontinue the door-to-door transportation service. However, the ALJ determined Pathways erred by failing to continue door-to-door transportation during the pendency of the appeal. The ALJ issued an order denying in part and sustaining in part Recipient's appeal. BHA issued a final administrative action order affirming the ALJ's decision. Recipient filed a petition for reconsideration with the Secretary of DPW, which the

Secretary granted. Ultimately, the Secretary issued an order upholding BHA's order. Recipient now petitions this Court for review.[2]

## II. Issues

Although his uncounseled argument is sometimes difficult to follow, Recipient presents four issues on appeal. First, Recipient asserts Pathways' proposal to modify transportation service violates DPW regulations relating to medical assistance. Second, Recipient contends DPW did not follow all relevant procedures during the appeal process. Third, Recipient maintains DPW violated Recipient's due process and equal protection rights. Fourth, Recipient argues DPW and Pathways have solicited his participation in an "illicit scheme" and have abandoned Recipient by supporting the termination of transportation service. Recipient's Br. at 22.

## III. Discussion

### A. Regulations

■ Recipient asserts Pathways' termination of door-to-door transportation service and proposed modification wrongfully requires his family to be responsible for at least one fifth of the transportation services in order to continue receiving community habilitation services from Pathways. Recipient contends Pathways' decision violates a central purpose of the public welfare system "[t]o assure the right of a person to claim and receive assistance, without any conditions, implied or specified, beyond established eligibility requirements." 55 Pa.Code § 101.1(c)(2)(ii).

Pursuant to Section 1915 to the federal Social Security Act, an individual can ob-tain services from "providers or practitioners *who undertake to provide such services* and who meet, accept, and comply with the reimbursement, quality, and utilization standards under the State plan...." 42 U.S.C. § 1396n (emphasis added). Federal regulations require a State plan to provide that a beneficiary may obtain Medicaid services from any provider "(i) Qualified to furnish the services; and (ii) *Willing to furnish them to that particular beneficiary.*" 42 C.F.R. § 431.51(b)(1) (emphasis added). DPW's regulations further provide "[i]f a provider is no longer able or willing to provide services," the provider must send written notification to the participant and DPW prior to ceasing services. 55 Pa.Code § 52.61.

Recipient is entitled to transportation service (zone 3) under his ISP. Recipient has the right to receive this service from a willing and qualified provider. Recipient chose Pathways as his provider for both community habilitation and transportation. For several years, Pathways was a willing and qualified provider. However, when Pathways informed Recipient of its intent to end door-to-door transportation service, Pathways became an unwilling provider for this particular service. Recipient does not have the right to obtain services from an unwilling provider. *See* 42 C.F.R. § 431.51(b)(1). Likewise, DPW cannot compel an unwilling provider to provide services. As GCHS's witness testified, there is no binding contract or sanction available to compel a provider to continue service. ALJ Hearing, Notes of Testimony (N.T.), 5/24/11, at 23. DPW's regulations clearly allow providers to discontinue

---

**2.** Our review of DPW's final order is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. *Woods Servs., Inc. v. Dep't of Pub. Welfare*, 803 A.2d 260 (Pa.Cmwlth.2002), *aff'd per curiam*, 576 Pa. 228, 839 A.2d 184 (2003).

service provided they meet certain notice requirements. 55 Pa.Code § 52.61.

Recipient asserts Pathways' modification proposal constitutes a prohibited act under 55 Pa.Code § 1101.75. Pursuant to Section 1101.75 of DPW's regulations, an enrolled provider may not, either directly or indirectly, perform any of the following acts:

(3) Solicit, receive, offer or pay a remuneration, including a kickback, bribe or rebate, directly or indirectly, in cash or in kind, from or to a person in connection with furnishing of services or items or referral of a recipient for services and items.

\*　\*　\*

(5) Submit a claim for services or items which were not rendered by the provider or were not rendered to a recipient.

\*　\*　\*

(8) Submit a claim which misrepresents the description of the services, supplies or equipment dispensed or provided, the date of service, the identity of the recipient or of the attending, prescribing, referring or actual provider.

55 Pa.Code § 1101.75. Recipient contends if Pathways provides modified transportation services for the same amount of money under the Waiver as the door-to-door transportation, it is doing so in violation of these regulations. However, as the ALJ properly determined at the hearing, questions regarding the compensation Pathways may or may not receive for proposed modified services is not the issue in this appeal. N.T., 5/24/11, at 42. Rather, the issue is whether the regulations require Pathways to continue providing door-to-door transportation service and preclude any modification or reduction of service. The information presented at the hearing was adequate to support the ALJ's determination that Pathways was no longer a willing provider of door-to-door transpor-

tation services to Recipient. We are aware of no regulation requiring an unwilling provider to continue offering a service or precluding the modification, reduction or cessation of service. Based on the clear regulatory language, we agree with the ALJ that Pathways did not violate the regulations by its decision to discontinue door-to-door transportation service and its proposal to offer modified service.

## B. Appeal Process

■ Recipient next contends the ALJ failed to comply with three DPW procedural regulations. First, Recipient argues the ALJ failed "to settle the issue or issues raised by the client in requesting a hearing and to produce a clear and definitive decision setting forth the findings of the Department" in accordance with 55 Pa.Code § 275.1(b)(2). Appellant's Br. at 17. Second, the ALJ failed "to determine the appropriate regulations that apply" in accordance with 55 Pa.Code § 275.4(h)(1)(iii)(B). *Id.* Third, the ALJ failed "to render a decision based upon the facts and evidence as applied to Departmental regulations" in accordance with 55 Pa.Code § 275.4(f)(6). *Id.*

Before the ALJ, the parties presented the issue of whether Pathways could discontinue or modify transportation services. N.T., 5/24/11, at 10. The ALJ resolved this issue in favor of Pathways. In reaching her conclusion, the ALJ applied federal regulation, 42 C.F.R. § 431.51. As discussed above, Section 431.51 provides beneficiaries may obtain Medicaid services from any qualified and willing provider. 42 C.F.R. § 431.51(b)(1). The ALJ determined Pathways was no longer a "willing" provider of Recipient's door-to-door transportation services. Although Recipient may disagree with the ALJ's determination, the ALJ rendered her decision in accordance with the regulations.

█ Recipient also contends DPW representatives failed to provide a "[d]escription of the relevant facts and events leading to the decision or action plus evidence to support the decision or action, including identification of the pertinent regulations applied in making the decision" in accordance with 55 Pa.Code § 275.4(g)(2)(iii). We recognize GCHS did not provide a written description of relevant facts and events or present any exhibits. *See* N.T., 5/24/11, at 1, 24, 53. Nevertheless, at the hearing, the parties established the relevant facts. Both sides presented testimony. Recipient presented eight exhibits including correspondence regarding Pathways' decision, Recipient's ISP, and a summary of events leading to the request for hearing. GCHS discussed the regulation regarding qualified and willing providers throughout the proceeding. *Id.* at 13, 22–23. Despite any failure on the part of DPW representatives, the ALJ conducted a fair hearing and gathered the necessary information to render a decision.

█ Recipient further asserts DPW violated the regulations by denying Recipient's right to continuation of door-to-door transportation services pending appeal. The ALJ properly determined Pathways should have continued transportation services during the pendency of the appeal. ALJ's Op., 6/13/11, at 7; *see* 55 Pa.Code § 275.4(a)(3)(v)(C)(I) (providing "[i]n cases in which a hearing is requested ... assistance will be continued pending the hearing decision unless the client waives continuation of benefits"). The ALJ sustained Recipient's appeal in this regard. Therefore, this issue is moot.

## C. Due Process and Equal Protection

Recipient also contends Pathways and DPW violated his procedural due process rights. Recipient asserts Pathways and DPW pressured Recipient's parents to agree to the modification of transportation services, discouraged the filing of an appeal, made false statements regarding Recipient's rights, and denied Recipient the right to a fair hearing and appeal. Recipient further alleges the ALJ denied him due process by refusing to address the issue of illegality of Pathways' modification proposal.

█ Due process requires a person be provided notice and an opportunity to be heard prior to an adjudication affecting that person's rights. *Manor v. Dep't of Pub. Welfare*, 796 A.2d 1020 (Pa.Cmwlth. 2002). DPW regulations afford every person receiving medical assistance the right to appeal from a DPW action and to have a hearing. 55 Pa.Code § 275.1(a)(2). The opportunity for a hearing includes the right of appeal from the discontinuance or reduction from a service program. 55 Pa. Code § 275.1(a)(4)(i)(C). An appellant has the right to appear in person at the hearing and present evidence on his own behalf. 55 Pa.Code § 275.3(a).

█ The regulations also direct the County Assistance Office or provider agency to provide assistance to the recipient in requesting a hearing. 55 Pa.Code § 275.4. This may include providing the basis for the decision, information regarding the recipients' rights to appeal and fair hearing, necessary forms, and the right to be represented by counsel. *Id.*

Here, DPW provided Recipient with notice and an opportunity to be heard. GCHS sent Recipient a notification letter regarding Pathways' decision to reduce services. In the letter, GCHS advised Recipient of his right to request a pre-hearing conference and to be represented by an attorney, family member or friend. GCHS provided a copy of instructions and notice of the right to a fair hearing and

appeal. GCHS also provided a copy of a Fair Hearing Request Form and offered assistance with the completion of the form. GCHS advised Recipient of the appeal deadline. Recipient exercised his right to appeal and had the opportunity to be heard in front of the ALJ.

The ALJ afforded Recipient the right to a fair and impartial hearing. Recipient's father testified at the hearing, presented evidence, and cross examined GCHS's witnesses. The ALJ addressed the issues properly before her of whether Pathways could discontinue or modify its transportation service. Therefore, Recipient was afforded the process due.

■ Recipient also contends DPW violated his equal protection rights. Specifically, Recipient points to a perceived structural inequity within DPW's regulations regarding appeal procedures for medical assistance providers versus recipients. For provider appeals, DPW is required to "conduct a de novo review of the factual and legal issues that are timely raised and properly preserved." 55 Pa.Code § 41.191. In a recipient appeal, DPW is required "[t]o settle the issue or issues raised by the client in requesting a hearing and to produce a clear and definitive decision setting forth the findings." 55 Pa. Code § 275.1(b)(2).

■ The essence of an equal protection claim is that persons in similar circumstances must be treated similarly. *Burns v. Pub. Sch. Emps.' Ret. Bd.*, 853 A.2d 1146 (Pa.Cmwlth.2004). Recipient does not assert he was treated differently from similarly situated persons. Recipients and providers are not similarly situated. Although the regulations differ, the ALJ settled all factual and legal issues properly

before her. Therefore, this argument lacks merit.

### D. Illicit Scheme and Abandonment

■ As a final issue, Recipient contends DPW has joined with Pathways in an attempt to force Recipient's participation in an "illicit scheme" by requiring Recipient to provide part of the transportation service and allowing Pathways to profit from the reduced service.[3] Recipient's Br. at 22. Contrary to his assertions, Recipient does not have to agree to Pathways' proposal. GCHS provided Recipient with other options for the Waiver services. First, Recipient can choose another provider from which to receive the services to which he is entitled under the Waiver. Green Arc is a qualified and willing provider located in Greene County that runs an adult training facility and provides door-to-door transportation. Second, Recipient's parents can transport their son to and from an adult training facility and would be reimbursed $0.51 per mile for doing so.

Recipient also contends DPW and Pathways have abandoned their client. Recipient is attending Pathways' adult training facility only two days per week because of the transportation issue. Recipient remains entitled to the Waiver services of community habilitation five days per week and transportation pursuant to his ISP. As explained above, however, DPW has provided options for the continuation of these services under the Waiver. DPW has not abandoned Recipient.

### IV. Conclusion

Although we empathize with Recipient and his parents and recognize their frustration over the limited choices available

---

3. Recipient believes that Pathways will continue to receive the full $22,000 budgeted for transportation services even though Recipient would be responsible for one fifth of the trip.

for Recipient's ISP services in Greene County, we discern no error. Based on the foregoing, we affirm.

### ORDER

**AND NOW,** this 19th day of December, 2012, the order of the Secretary of the Department of Public Welfare is **AFFIRMED.**