IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luke Bussoletti, : 
          Petitioner : 
           : No. 2129 C.D. 2016
          v. : 
           : Submitted: September 1, 2017
Department of Human Services, : 
          Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: November 22, 2017

On August 4, 2016, the Department of Human Services (Department), Bureau of Hearings and Appeals (Bureau), issued a final order denying the application of Luke Bussoletti (Petitioner) for door-to-door transportation services to an adult training facility. On August 8, 2016, Petitioner filed a timely motion for reconsideration.[1] However, the Secretary of the Department of Human Services (Secretary) did not rule on this motion until months later, denying it by order dated December 1, 2016. Petitioner then filed a *pro se* petition for review in this Court on December 30, 2016, purporting to appeal from the December 1, 2016 order denying reconsideration. For the reasons that follow, we dismiss the appeal.

---

[1] In its final order, the Bureau informed Petitioner that if he filed a motion for reconsideration, the motion would "not stop the time within which an appeal must be filed to the Commonwealth Court." (Bureau's Final Order at 1.)

Pursuant to regulation at 1 Pa. Code §35.241, where, as here, a motion for reconsideration of a final order is made within 15 days of that order, but no appeal of the final order is filed with this Court, the Secretary has 30 days to rule upon the motion for reconsideration. *See* 1 Pa. Code §35.241(d)-(e). "Unless the [Secretary] acts upon the application for . . . reconsideration within 30 days after it is filed, or within the lesser time as may be provided or prescribed by law, the application shall be deemed to have been denied." 1 Pa. Code §35.241(d).

If the Secretary issues an order denying reconsideration of a final order after the 30-day period expires, the order denying reconsideration, already having been denied by operation of law, is "null and void" and is not one from which an appeal may lie. *See Strobhar v. Department of Public Welfare*, 557 A.2d 440, 441-43 (Pa. Cmwlth. 1989); *Monsour Medical Center v. Department of Public Welfare*, 533 A.2d 1114, 1116 (Pa. Cmwlth. 1987); *see also Ciavarra v. Commonwealth*, 970 A.2d 500, 503-04 (Pa. Cmwlth. 2009); *Colonial Manor Personal Care Boarding Home v. Department of Public Welfare*, 551 A.2d 347, 350 (Pa. Cmwlth. 1988). In this situation, where the Secretary issues a reconsideration order beyond the time provided in 1 Pa. Code §35.241(d), in order to obtain appellate review in this Court, the petitioner must file a timely appeal within 30 days of the underlying final order. *Ciavarra*, 970 A.2d at 503-04; *Monsour*, 533 A.2d at 1116. Notably, the filing of a petition for reconsideration does not operate to extend the 30-day period to appeal a final order, and the time for filing an appeal will run as if the motion for reconsideration had never been filed. *Monsour*, 533 A.2d at 1116.

In *Monsour*, the petitioner submitted an application for reimbursement of hospital services, which the Office of Hearings and Appeals (OHA) denied in a final order dated August 14, 1986. The petitioner then filed a timely request for

2

reconsideration of the OHA's order. Approximately three months later, on November 19, 1986, the Executive Deputy Secretary (Deputy Secretary) entered an order denying reconsideration. The petitioner then filed a petition for review with this Court on December 19, 1986.

We dismissed the appeal. In doing so, we noted that because the Deputy Secretary denied reconsideration 30 days after the August 14, 1986 final order of the OHA, the reconsideration order of the Deputy Secretary was "null and void" and, consequently, the petitioner could not appeal that order. *Monsour*, 533 A.2d at 1116. We elaborated that, in this context, the only way in which the petitioner could obtain review in this Court of the proceedings below was to file an appeal within 30 days of OHA's August 14, 1986 order. Since the petitioner did not file his petition for review until December 19, 1986, his appeal was untimely. Accordingly, this Court in *Monsour* declined to address the petitioner's appellate arguments, concluding that we lacked jurisdiction over the appeal.[2]

Here, although Petitioner filed an appeal within 30 days of the Secretary's December 1, 2016 order denying reconsideration, the Secretary entered that order well beyond the 30-day time limit in which to rule upon reconsideration. As a result, the Secretary's December 1, 2016 order was a nullity, and Petitioner cannot appeal an order that does not exist as a matter of law. Moreover, on August 4, 2016, the Bureau entered a final order on the merits, and Petitioner was required to file an appeal within 30 days of such order. Petitioner, however, did not file his petition for review until December

---

[2] Realizing the potential dilemma faced by petitioners seeking reconsideration, we have cautioned that "the prudent approach in these matters is to file an appeal concurrent with the request for reconsideration." *Strobhar*, 557 A.2d at 442 n.3. When followed, this procedural measure will ensure that "if reconsideration is denied, the original adjudication or other order will be subject to judicial review upon the previously filed petition for review." 1 Pa. Code §35.241(f)(1). We reiterate that advice.

30, 2016, and his appeal is patently untimely. Therefore, pursuant to *Monsour*, we are constrained to dismiss Petitioner's appeal.

Regardless, even if Petitioner's appeal from the Secretary's order denying reconsideration were properly before this Court under a *nunc pro tunc* theory or otherwise, *cf. also Commonwealth v. Perry*, 820 A.2d 734, 735 (Pa. Super. 2003), this Court would not be able to review the merits of the Bureau's final order. Instead, our review would be limited to deciding whether the Secretary abused his discretion in denying reconsideration. *Muehleisen v. State Civil Service Commission*, 443 A.2d 867, 869 (Pa. Cmwlth. 1982). Pursuant to this standard, an abuse of discretion will be found only where there is "evidence of bad faith, fraud, capricious action or abuse of power." *Keith v. Department of Public Welfare*, 551 A.2d 333, 336 (Pa. Cmwlth. 1988).

Here, Petitioner is a mentally disadvantaged individual who has received home and community-based services through Medicaid. In 2011, Petitioner's transportation services to an adult training facility were discontinued because his transportation provider, Pathways of Southwestern Pennsylvania, Inc., was no longer willing to provide service to him. In *Bussoletti v. Department of Public Welfare*, 59 A.3d 682 (Pa. Cmwlth. 2012), this Court held that Petitioner did not have either a statutory right, or a right conferred by administrative regulations, to obtain services from an unwilling provider. Following our decision in *Bussoletti*, the Department has been unable to find Petitioner another provider of transportation services, who is both willing and qualified to provide such services, in large part because Petitioner lives in a rural area and access roads to his house are not paved. (Bureau's Findings of Fact Nos. 8-10; Decision at 11.) In his present brief, Petitioner devotes a substantial amount of pages taking issue with our decision in *Bussoletti*, and devotes the remainder to

4

cursorily accusing the Department of engaging in unethical behavior, fraud, and retaliation.

Upon our review of the record, we are unable to find anything to support the notion that the Secretary acted in bad faith, fraudulently, capriciously, or abused his power in denying Petitioner's request for reconsideration. Because *Bussoletti* is binding precedent, we find no merit in Petitioner's arguments to the extent they seek to overrule that case, impugn its validity, or suggest that it was the result of fraudulent or other inappropriate behavior. We note that another transportation provider, Green Arc, has been, and continued to be at the date of the hearing, a willing and qualified provider. Petitioner, however, has declined to utilize the services of this entity. *Bussoletti*, 59 A.3d at 685 and 689; Bureau's Findings of Fact No. 10. Therefore, even if Petitioner's appeal were cognizable in this Court, we would conclude that the Secretary did not err in denying reconsideration; therefore, there would be no basis upon which to disturb the Secretary's order.

With all of this being stated, we dismiss Petitioner's appeal.

_____
PATRICIA A. McCULLOUGH, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luke Bussoletti,                          :
                    Petitioner            :
                                          :   No.  2129 C.D. 2016
            v.                            :
                                          :
Department of Human Services,             :
                    Respondent            :

## *ORDER*

AND NOW, this 22nd day of November, 2017, the petition for review filed by Luke Bussoletti is hereby dismissed.

_____
PATRICIA A. McCULLOUGH, Judge