Robert W. Wetzel, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs September 16, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Robert W. Wetzel,* petitioner, for himself.

*Jason W. Manne,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, November 5, 1982:
Robert W. Wetzel (Petitioner) has appealed from the final administrative action of the Department of Public Welfare (DPW) which denied Petitioner's appeal from the action of Keystone Legal Services, Inc. of Clearfield County (Legal Services) denying his request for legal services. We affirm.

On September 30, 1980, Legal Services received a letter from Petitioner requesting legal representation in connection with an attempt to reopen his mother's estate. The request was denied by a Legal Services attorney on the ground that cases involving estate work are not handled by Legal Services in Clearfield County. The Program Administrator for Legal Services subsequently affirmed the attorney's decision. Upon appeal to DPW and following a fair hearing, a hearing examiner concluded that applicable regulations supported the denial of legal representation to Petitioner. Both the Director of the Office of Hearings and Appeals and the Secretary of DPW affirmed. Petitioner subsequently perfected his appeal to this Court.

Petitioner has pursued this appeal without legal counsel. After a careful reading of his brief, we think the essence of Petitioner's argument is that DPW has erred in allowing Legal Services to establish a system of casework priorities, thereby excluding certain categories of cases from coverage. Petitioner contends that applicable federal law does not provide for such a system of priorities. Petitioner also appears to argue that his entitlement to legal representation should not depend on his geographic location within Pennsylvania and that federal law requires that DPW provide for

such representation, if not in Clearfield County, then elsewhere.[1] We find both of these arguments to be without merit.

In 1980, Legal Services operated as one of the social services funded pursuant to the then effective version of Title XX of the Social Security Act (Act).[2] Each state participating in Title XX was required to prepare a comprehensive annual services program plan setting forth information including the services to be provided and the geographic areas in which such services would be made available. The legislative history of the applicable federal law reveals that Title XX was designed to provide maximum freedom to the states to determine which social services should be made available, who would be eligible for those services, the manner in which the services would be provided and any limitations or conditions on the receipt of the services. S. Rep. No. 1356, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Ad. News 8133, 8138. In its comprehensive plan for 1980-81, Pennsylvania chose to include legal services as one of the social services provided. *See* 10 Pa. B. 2637 (1980). Moreover, Pennsylvania decided that the legal services should be provided on a county basis. Within each county, or geographic area, certain categories of cases were excluded from coverage based on the particular needs and resources available in that county. In Clearfield County, inheritance cases were one of the categories specially excluded from coverage. 10 Pa. B. 2657 (1980).

With regard to the first issue raised by Petitioner, we believe DPW was permitted by federal law to

---

[1] We note that no constitutional challenge to the regulations and law here applicable has been presented in this appeal.

[2] Act of August 14, 1935, Ch. 531, Title XX, added by the Act of January 4, 1975, §2, 88 Stat. 2337 (current version at 42 U.S.C. §1397).

establish a system of legal services case priorities and exclusions. As we have noted, Title XX gave the states considerable flexibility in establishing what services would be provided in each state. We have found nothing in the Act which would prevent the exclusion of certain types of legal services. In fact, pertinent federal regulations provide only that the comprehensive services plan must:

> Describe each discrete service ... in as much detail as necessary to enable a reasonably prudent person to understand what is included in the service.

45 C.F.R. §228.26(a)(1979). We think the legal services portion of the comprehensive services plan for 1980-81 clearly meets this requirement.

Turning to the second issue presented, DPW regulations provide that:

> Every individual and family may request services defined in the current Comprehensive Annual Services Program Plan as *available within the geographic area in which the person lives.*

Section 3-1-63 of the Social Services Manual (emphasis added). This provision is in accord with federal regulations which provide that:

> For the purpose of delivering services described in the service plan, the State agency may divide the State into geographic areas.... If the State chooses to establish such geographic areas, the services plan shall:
>
> ....
>
> (c) Where different services are made available to a category of individuals in different geographic areas, provide that the services furnished in a geographic area will be available to all eligible individuals in that category who reside in that area.

45 C.F.R. §228.25 (1979). Thus, we think that applicable federal law clearly envisions that different services may be provided in different geographic areas and that individuals may be limited to requesting those services which are available in their particular area. Since inheritance cases are not handled in Petitioner's geographic area, Clearfield County, we must conclude that he was correctly denied legal representation by Legal Services.

Order affirmed.

### ORDER

It is ordered that the order of the Department of Public Welfare, dated January 12, 1981, is hereby affirmed.