v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 9, 2005.

Decided Oct. 14, 2005.

Amanda Pearson, petitioner, pro se.

Jeffrey P. Schmoyer, Asst. Counsel and John A. Kane, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

A.P. (Petitioner) petitions for review, *pro se*, of an adjudication of the Bureau of Hearings and Appeals, Department of Public Welfare (Department) dismissing her request to expunge a report of indicated child abuse as untimely filed under the Child Protective Services Law (CPSL), 23 Pa.C.S. §§ 6301–6385.

On September 22, 1999, the Lawrence County Children and Youth Agency (CYA) filed an indicated report of child abuse identifying Petitioner as the perpetrator of child sexual abuse against S.M. Child Protective Services Investigation Report, September 22, 1999, at 1–2; Reproduced Record (R.R.) at 9–10. On September 29, 1999, the Director of the ChildLine and Abuse Registry (ChildLine), informed Petitioner that (1) a report of suspected child abuse was investigated by CYA; (2) CYA determined that the minor victim, S.M., was abused; and (3) Petitioner was named as the perpetrator in an indicated report of child abuse. The Department notified Petitioner that she, as a named perpetrator of child abuse, had the right to request amendment or destruction of the indicated report and that "all such requests must be made in writing within 45 days from the date of this notice. . . ." Letter from Commonwealth of Pennsylvania Department of Public Welfare to A.P., September 29, 1999, at 1; R.R. at 8.

Petitioner took no action until sixteen months later when she sent a letter to the Department dated February 13, 2001, addressed to "To Whom it May Concern." Petitioner stated that she had been cleared of all related criminal charges in May of 2000, and asked the Department to reinstate her employment and provide her with her "Act 33 and 34 security clearances." Letter from A.P. to "To Whom it May Concern," February 13, 2001, at 1; R.R. at 6. The Department treated Petitioner's request as an appeal to expunge an indicated report of child abuse.[1]

On March 20, 2001, the Department advised Petitioner that her appeal could not be reviewed because it was not made within the required timeframe under the CPSL which mandated that "appeals of indicated child reports be made within 45 days of the date you were informed in writing of the status of the report." Letter from Commonwealth of Pennsylvania Department of Public Welfare to A.P., March 20, 2001, at 1; R.R. at 5. The Department further notified Petitioner that if she believed that her appeal should be considered even though it was not received within the time required by law, she could request a review by the Department.

By letter dated April 16, 2001, Petitioner requested that the Department hold a hearing. Petitioner explained that "upon receiving the letter of the initial findings of the Lawrence County CYS, [she] forwarded it to [her] attorney. [She] asked him to return it so that [she] may file an appeal, but he never did [return the letter to her]." Letter from A.P. to Warren L. Lewis, Director Division of State Services, Office of Children, Youth and Families, April 16, 2001, at 1; R.R. at 4.

On December 3, 2002, the Adjudicating Officer issued a Recommendation that Petitioner's appeal *nunc pro tunc* be dismissed and her request for an evidentiary hearing be denied because her appeal was untimely. Recommendation, December 3, 2002, at 1; R.R. at 14. On December 6, 2002, the Department adopted the Recommendation in its entirety and notified Petitioner that she had 15 days in which to request reconsideration by the Secretary of the Department.

Twenty-one months later, on September 20, 2004, Petitioner submitted a "letter of

---

1. The DPW noted in an internal Memo dated March 12, 2000, that Petitioner's request for reinstatement of employment was clearly outside the scope of Department's and ChildLine's jurisdiction, and that it interpreted Petitioner's request for Act 33 and Act 34 clearances as a request for expunction of an indicated report of child abuse. DPW Memo entitled "Misdirected Request for Appeal of Report of Child Abuse", March 12, 2000, at 1; R.R. at 7.

reconsideration" to the Department. The Secretary granted reconsideration on October 19, 2004, and on January 5, 2005, issued a Final Order on the Merits upholding the December 6, 2002, order which dismissed Petitioner's appeal as untimely.

On appeal,[2] Petitioner raises the following issues:

(1) Did the investigating officer followed-up (sic) with my attorney, so we could all meet for me to give my statement?

(2) Did A.P. really say she refused to discuss the case with the investigating officer?

(3) How could the investigator (she) determine the facts based off a(sic) hearsay and give me an INDICATED charge without receiving all the facts?

(4) Was the filing of untimelyness (sic) fault of A.P.?

(5) Should the court reconsider the reinstatement of her Act 33, 34 security Clearances?

Petitioner's Brief, May 17, 2005, at 6.

The Department asserts that Petitioner's appeal is not properly before this Court because the Secretary was without jurisdiction and had no legal authority to issue the order granting reconsideration on the issue of timeliness. This Court agrees.

The General Rules of Administrative Practice and Procedure provide, with exceptions not relevant here, that an application for reconsideration of an administrative decision "may be filed by a party to a proceeding within 15 days ... after the issuance of an adjudication or other final order by the agency." 1 Pa.Code § 35.241(a). This fifteen-day time limit was expressly set forth in the Department's December 6, 2002, order and notice sent to Petitioner. Petitioner did not seek reconsideration of the December 6, 2002, decision until twenty-one months after the expiration of the mandatory fifteen-day time limit. Because Petitioner's request for reconsideration was not filed within the mandatory time limit imposed by 1 Pa. Code § 35.241(a), the Department was without jurisdiction to consider Petitioner's request for reconsideration. Therefore, the Department's January 5, 2005, order was not a valid order from which Petitioner could appeal. *Ziev v. Department of Public Welfare,* 120 Pa.Cmwlth. 439, 548 A.2d 701 (1988); *Fleeher v. Commonwealth Department of Transportation Bureau of Driver Licensing,* 850 A.2d 34 (Pa.Cmwlth.2004); *Ayers v. Pennsylvania Board of Probation and Parole,* 129 Pa. Cmwlth. 440, 565 A.2d 1257 (1989). Having so determined, this Court need not address the merits of any further issues which Petitioner has attempted to present in her *pro se* petition for review.[3]

Petitioner's appeal is dismissed.

### ORDER

AND NOW, this 14th day of October, 2005, Petitioner A.P.'s appeal is hereby dismissed with prejudice.

---

**2.** Our standard of review of the Department's decision is limited to determining whether the adjudication violates constitutional rights or is not in accordance with the CPSL or whether the findings of fact are supported by substantial evidence. *K.S. v. Com., Department of Public Welfare,* 129 Pa.Cmwlth. 31, 564 A.2d 561 (1989).

**3.** Of course, the Secretary could have decided "at any time" to hold a hearing *on the merits* of the expungement. *C.S. v. Department of Public Welfare,* 879 A.2d 1274 (Pa.Cmwlth. 2005). However, the Secretary's adjudication addressed only the issue of *timeliness,* which was not subject to reconsideration for the reasons stated above.