# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

B.B.T., : **SEALED CASE**
        Petitioner :
                                 :
      v. :
                                   :
Department of Human Services, : No. 2121 C.D. 2016
        Respondent : Submitted: July 14, 2017


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: August 31, 2017


B.B.T. (Petitioner) petitions this Court for review of the Department of Human Services' (DHS) Bureau of Hearings and Appeals' (BHA) September 26, 2016 order recommending that Petitioner's appeal from docket number 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 be denied.[1] After review, we quash Petitioner's appeal.

Beaver County Children and Youth Services (CYS)[2] filed three indicated reports of child sexual and physical abuse with the ChildLine & Abuse Registry (ChildLine)[3] naming Petitioner as the perpetrator. On August 21, 2015, Petitioner

---

[1] This recommendation was adopted in BHA's October 3, 2016 Final Order.

[2] By March 17, 2017 order, this Court granted CYS' application for permission to intervene. CYS has filed a brief in this matter.

[3] ChildLine is defined as

> [a]n organizational unit of [DHS] which operates a Statewide toll-free system for receiving reports of suspected child abuse established under [S]ection 6332 of the [Child Protective Services Law (CPSL), 23 Pa.C.S. §§ 6301-6386] (relating to establishment of Statewide toll-free telephone number), refers the reports for investigation and maintains the reports in the appropriate file.

appealed therefrom, requesting expungement of the indicated reports. On September 26, 2016, following an administrative hearing before an Administrative Law Judge (ALJ), the ALJ recommended that Petitioner's appeal from the sexual abuse report be sustained, but her appeal from the physical abuse report be denied. On October 3, 2016, BHA issued its Final Order adopting the ALJ's recommendation in its entirety. The Final Order clearly provides that the parties have 15 calendar days from the date of the Final Order to seek reconsideration. The Final Order also stated that appeals may be taken to this Court within 30 days from the date thereof.

On November 14, 2016, BHA received Petitioner's reconsideration application (Reconsideration Application). The Secretary's November 18, 2016 Reconsideration Order denied Petitioner's Reconsideration Application as untimely because it was not filed within 15 days of the Final Order, as required by Section 35.241 of the General Rules of Administrative Practice and Procedure (GRAPP), 1 Pa. Code § 35.241,[4] and Section 275.4(h)(4)(ii) of DHS' Regulations. 55 Pa. Code § 275.4(h)(4)(ii).[5] The Reconsideration Order further denied Petitioner's Reconsideration Application for the reasons stated in BHA's Final Order.

On December 15, 2016, Petitioner contacted this Court indicating her desire to pursue an appeal, and this Court notified Petitioner that her **appeal filing date** would be preserved as of that date. On January 17, 2017, Petitioner filed her petition for review (Review Petition) identifying the ALJ's September 26, 2016 recommendation as the order from which she was appealing (thus declaring her

---

55 Pa. Code § 3490.4.

[4] Section 35.241(a) of GRAPP provides, in pertinent part, that "[a]n application for . . . reconsideration may be filed . . . within 15 days . . . after the issuance of a[] . . . final order by the agency." 1 Pa. Code § 35.241(a).

[5] Section 275.4(h)(4)(ii) of DHS' Regulations affords either party the opportunity to seek the Secretary's reconsideration within 15 days of BHA's decision. *See* 55 Pa. Code § 275.4(h)(4)(ii).

intention to appeal from BHA's Final Order).[6]  Because Petitioner's December 15, 2016 appeal filing date is not within 30 days of BHA's October 3, 2016 Final Order, this Court has no jurisdiction to address the appeal.

> Under [Pennsylvania Rule of Appellate Procedure] 1512(a)(1), the time for appeal from a Commonwealth agency's order is within thirty days after the entry of that order. [However,] Petitioner's Petition for Reconsideration was [denied] on [November 18, 2016] and, as already indicated, Petitioner's [appeal filing date] was [December 15, 2016].  This Court has held that a party may appeal from an order by an administrative agency denying reconsideration of a decision of that agency.

*Columbia Gas of [Pa.], Inc. v. [Pa.] Pub[.] Util[.] Comm'n,* 535 A.2d 1246, 1248 (Pa. Cmwlth. 1988).  Thus, this Court will treat Petitioner's Review Petition as an appeal from the Reconsideration Order.[7]

In considering Petitioner's Review Petition, *A.P. v. Department of Public Welfare*, 884 A.2d 974 (Pa. Cmwlth. 2005) controls our decision herein and mandates that this Court quash Petitioner's appeal.  In *A.P.,* a mother accused of child abuse sought expungement of the indicated report.  She filed an untimely appeal.  Months thereafter, the mother sought reconsideration.  The Secretary granted reconsideration, and ultimately issued a final order on the merits upholding the order dismissing the appeal as untimely.  On review, this Court explained: "Because [the mother's] request for reconsideration was not filed within the mandatory time limit

---

[6] "The right of judicial review of an administrative decision occurs only when there has been a valid 'adjudication' as defined under the Administrative Agency Law.  Section 702 of Administrative Agency Law, 2 Pa.C.S. § 702." *Pennhurst Med. Grp., P.C. v. Dep't of Pub. Welfare,* 796 A.2d 423, 427 (Pa. Cmwlth. 2002).  Petitioner had no right to judicial review from the ALJ's recommendation.  However, so long as timely filed, she was entitled to judicial review of BHA's Final Order.

[7] "In reviewing an order denying reconsideration, we are limited to considering whether BHA abused its discretion in denying reconsideration." *C.R.F. v. Dep't of Human Servs.,* 153 A.3d 438, 448 (Pa. Cmwlth. 2017).

imposed by [Section 35.241(a) of GRAPP], [**DHS**] **was without jurisdiction to consider** [**the mother's**] **request for reconsideration. Therefore,** [**DHS'**] . . . **order was not a valid order from which** [**the mother**] **could appeal.**" *A.P.*, 884 A.2d at 976 (emphasis added).

Here, DHS received Petitioner's Reconsideration Application on November 14, 2016, 42 days after BHA issued its October 3, 2016 Final Order. "Because Petitioner's [Reconsideration Application] was not filed within the mandatory [15-day] time limit imposed by [Section 35.241(a) of GRAPP], [DHS] was without jurisdiction to consider [it]." *A.P.*, 884 A.2d at 976.

Based on the foregoing, because the Secretary's Order denying reconsideration is not a valid order from which Petitioner could appeal, Petitioner's appeal is quashed.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

B.B.T.,                                  :    **SEALED CASE**
                    Petitioner           :
                                         :
            v.                           :
                                         :
Department of Human Services,            :    No. 2121 C.D. 2016
                    Respondent           :

O R D E R

AND NOW, this 31st day of August, 2017, B.B.T.'s appeal is quashed.

_____
ANNE E. COVEY, Judge