IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Milton Sloan,                          :
                    Petitioner         :
                                       :
        v.                             :   No. 1167 C.D. 2017
                                       :   SUBMITTED: April 6, 2018
Department of Human Services,          :
                    Respondent         :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED: June 4, 2018

Milton Sloan (Claimant) petitions *pro se* for review of the July 3, 2017 final Order of the Secretary of Human Services (Secretary) that denied Claimant's Request for Reconsideration as untimely and upheld the June 2, 2017 Final Administrative Action Order of the Department of Human Services (DHS), Bureau of Hearings and Appeals (BHA). The BHA affirmed the decision of the Administrative Law Judge (ALJ) denying Claimant's appeal from a decision of Community Legal Services (CLS) of Philadelphia that denied his application for Title XX legal services.[1]  Stated simply, Claimant petitions *pro se* for review of the

---

[1] The operation of Community Legal Services (CLS) is funded pursuant to Title XX of the Social Security Act, 42 U.S.C. § 1397.

July 3, 2017 final order of the Secretary of DHS that ultimately denied Claimant's application for Title XX legal services.[2]

## I. Background

On an unspecified date in 2015, Claimant's employer, the Kimmel Center for the Performing Arts (Employer), terminated him for willful misconduct. Certified Record (C.R.), Item No. 4, Finding of Fact (F.F.) No. 1. In February 2016, Claimant went to CLS to apply for Title XX free legal services. C.R., Item No. 4, F.F. No. 2. Claimant requested that CLS represent him in a lawsuit against his former Employer. *Id*.

On March 2, 2016, CLS denied Claimant's application for free legal services regarding his job termination. C.R., Item No. 4, F.F. No. 3; C.R., Item No. 3, Ex. C-1. The notice from CLS explained that it would not be able to represent Claimant due to limited staffing and resources. C.R., Item No. 4, F.F. Nos. 4-7; C.R., Item No. 3, Ex. C-1. Claimant did not appeal this notice.

Almost a year later, on February 24, 2017, Claimant again sought representation from CLS for the same employment matter. C.R., Item No. 4, F.F. No. 8; C.R., Item No. 7, at 11. On March 1, 2017, CLS again denied Claimant's application for free legal services due to the type of case as well as the untimeliness of his claims (Notice). C.R., Item No. 4, F.F. No. 9; C.R. Item No. 3, Ex. C-2. Claimant timely appealed the Notice and a hearing was held before an ALJ of the BHA.

---

[2] Claimant also argues in his petition that DHS "erred in concluding that '[C]laimant is eligible for [unemployment compensation] benefits under the provisions of Section 402(b) of the Pennsylvania Unemployment [Compensation] Law [Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).]'" Pet'r's Br. at 5. DHS does not have jurisdiction over matters related to the grant or denial of unemployment compensation benefits. As such, this argument of Claimant is not properly before this Court.

At that BHA hearing, the Litigation Director of CLS, Sharon Dietrich, Esquire testified that for the last 20 years, she managed the Employment Unit at CLS. In that capacity, she assesses the cases for possible representation by the Employment Unit. Attorney Dietrich testified that CLS does not accept employment discrimination matters such as the type presented by Claimant because employment discrimination cases, particularly those that involve federal court litigation such as Claimant's, are very time consuming and resource intensive. C.R., Item No. 4, at 4-5; C.R., Item No. 7, ALJ's Hr'g, Notes of Testimony (N.T.), 5/23/17, at 17-20. On May 30, 2017, an ALJ of the BHA denied Claimant's appeal. The ALJ's order concluded that CLS appropriately denied Claimant's application for Title XX legal services based on the evidence of limited funds and staff of CLS, the lack of merit on Claimant's case, his pursuit of a federal filing, and the fact that CLS does not represent individuals in employment discrimination matters. C.R., Item No. 4, at 2, 6-7. Claimant timely appealed the ALJ's decision.

On June 2, 2017, the Chief ALJ of the BHA issued her Final Administrative Action Order that affirmed the ALJ's decision. C.R., Item No. 4. Thereafter, on June 26, 2017, Claimant untimely requested reconsideration of that Final Administrative Action Order to the Secretary. C.R., Item No. 5.

On July 3, 2017, the Secretary denied Claimant's request for reconsideration as untimely filed and for the reasons stated by the BHA in its Final Administrative Action Order. Thereafter, Claimant filed his petition for review with this Court.

## II. Issue

In essence, Claimant argues the ALJ erred in ruling that the evidence supported the denial of Claimant's application for Title XX legal services.

3

## III. Discussion

Before reaching the merits of this appeal, we first address the Secretary's jurisdiction over Claimant's reconsideration petition and the validity of the Secretary's July 3, 2017 order, from which Claimant appealed.

Subject matter jurisdiction relates to the competency of a court or agency to hear and decide the type of controversy presented. *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003). It is a well-established principle that an issue concerning subject matter jurisdiction may be raised and determined at any stage of a proceeding, even by an appellate court *sua sponte*. *Commonwealth v. Scarborough*, 64 A.3d 602, 607 n.10 (Pa. 2013); *Commonwealth v. Little*, 314 A.2d 270, 272 (Pa. 1974).

The Secretary's decision to deny a request for reconsideration is a matter of administrative discretion and will be reversed only for an abuse of discretion. *Hudson v. Dep't of Pub. Welfare*, 508 A.2d 383, 387 (Pa. Cmwlth. 1986). A reviewing court may not overturn an agency's exercise of its discretion absent a violation of constitutional law, error of law or failure to support the facts by substantial evidence. *Karpinski v. Dep't of Pub. Welfare,* 13 A.3d 1050, 1052 (Pa. Cmwlth. 2011); *see also Morrison v. Dep't of Pub. Welfare*, 646 A.2d 565, 571-72 (Pa. 1994) (defining scope and standard of review). Pa.R.A.P. 1551(a)(3) (pertaining to scope of review) states in relevant part:

> Review of quasi-judicial orders shall be conducted by the court on the record made before the government unit. No question shall be heard or considered by the court which was not raised before the government unit except:
> . . . .
> (3) Questions which the court is satisfied that the petitioner could not by the exercise of due diligence have raised before the government unit. If, upon hearing before the court, the court is satisfied that any such additional question within the scope of

4

> this paragraph should be so raised, it shall remand the record to the government unit for further consideration of the additional question.

Pa.R.A.P. 1551(a)(3); *See also Wicker v. State Civil Serv. Comm'n*, 460 A.2d 407, 408 (Pa. Cmwlth. 1983) (when issues are not properly raised and developed in briefs, an appellate court will not consider them).

In addition, Section 35.241(a) of the General Rules of Administrative Practice and Procedure (GRAPP)[3] provides that an application for reconsideration may be filed by a party to a proceeding "within 15 days, or another period as may be expressly provided by statute applicable to the proceeding, after the issuance of an adjudication or other final order by the agency." 1 Pa. Code § 35.241(a).

In *Ciavarra v. Commonwealth*, 970 A.2d 500, 503 (Pa. Cmwlth. 2009), this Court, citing *Fleeher v. Department of Transportation, Bureau of Driver Licensing*, 850 A.2d 34, 36 (Pa. Cmwlth. 2004), held that "the timeliness of a request for reconsideration is jurisdictional" and that the failure to file a timely request for reconsideration under 1 Pa. Code § 35.241(a) within the 15-day time period "deprives an agency of jurisdiction to consider the request." *Ciavarra*, 970 A.2d at 503.

In *A.P. v. Department of Public Welfare*, 884 A.2d 974, 976 (Pa. Cmwlth. 2005), this Court dismissed an appeal where the petitioner's request for reconsideration filed with the Department of Public Welfare (DPW)[4] was untimely.

---

[3] GRAPP governs practice and procedure before Commonwealth agencies, except where an applicable statute provides inconsistent rules or an agency promulgates regulations setting forth rules that are inconsistent with the GRAPP. 1 Pa. Code § 31.1; *G.L. v. State Ethics Comm'n*, 17 A.3d 445, 448 (Pa. Cmwlth.), *appeal denied*, 32 A.3d 1279 (Pa. 2011).

[4] DPW became known as the DHS on November 24, 2014. Section 103(a) of the Human Services Code (formerly the Public Welfare Code), Act of June 13, 1967, P.L. 31, added by the Act of September 24, 2014, P.L. 2458, 62 P.S. § 103(a).

We explained: "Because Petitioner's request for reconsideration was not filed within the mandatory time limit imposed by 1 Pa. Code § 35.241(a), [DPW] was without jurisdiction to consider Petitioner's request for reconsideration." *A.P.*, 884 A.2d at 976. We concluded that DPW's last order, which upheld a prior order dismissing petitioner's appeal, was not a valid order from which the petitioner could appeal. *Id.* Thus, we dismissed the petitioner's appeal. *Id.*

In the case before us, on June 2, 2017, the Chief ALJ of the BHA issued her Final Administrative Action Order affirming the ALJ's decision that denied Claimant's appeal of CLS's denial of Claimant's application for Title XX legal services.

Claimant filed his petition for reconsideration on June 26, 2017, which is nine days past the mandatory 15-day limit imposed by 1 Pa. Code § 35.241(a) (application for rehearing or reconsideration), which states in pertinent part, "An application for rehearing or reconsideration may be filed by a party to a proceeding within 15 days, or another period as may be expressly provided by statute applicable to the proceeding, after the issuance of an adjudication or other final order by the agency." 1 Pa. Code § 35.241(a). Thus, Claimant's request for reconsideration was untimely, and the Secretary lacked jurisdiction to consider it. *Ciavarra*; *A.P.*; *Fleeher*. Consequently, the Secretary's Order of July 3, 2017 denying reconsideration was invalid for lack of jurisdiction.

Although Claimant timely filed his petition for review from the Secretary's July 3, 2017 Order in this Court, for the reasons just explained, the Secretary's Order was not a valid order from which Claimant could appeal. *See A.P.* Claimant did not timely appeal the June 2, 2017 Final Administrative Action Order of the Chief ALJ of the BHA on the merits. Thus, we are constrained to conclude that there is no valid final order before us to review. We emphasize that "the prudent approach in these

6

matters would have been to file an appeal concurrent with the request for reconsideration." *Strobhar v. Dep't of Pub. Welfare*, 557 A.2d 440, 442 n.3 (Pa. Cmwlth. 1989).

However, even assuming there was a valid final order before us, the Secretary did not abuse his discretion in denying Claimant's Request for Reconsideration because CLS correctly refused Claimant's application for Title XX legal services.

Eligibility for Title XX-funded legal services is set forth in regulations promulgated by DHS on June 26, 1982, in the Pennsylvania Bulletin. *See* C.R., Item No. 2, Ex. 2, unnumbered p. 12. Regulation 3-1-42 provides in pertinent part: "[l]egal [s]ervice is provided if: (1) the provision of services is consistent with the American Bar Association Code of Professional Responsibility and/or the Disciplinary Rules of the Supreme Court of Pennsylvania . . . ." 12 Pa.B. 2004 (June 26, 1982).

Rule 1.3 of the Pennsylvania Rules of Professional Conduct regarding diligence provides that a lawyer shall act with reasonable diligence and promptness in representing a client. Pa. R.P.C. 1.3. Comment 2 to Rule 1.3 provides that a lawyer must control her workload so that "each matter can be handled competently." Pa. R.P.C. 1.3 cmt 2.

This Court has recognized CLS's legitimate need to refuse to take cases for merit and resource reasons:

> It is clear that agencies with limited funding, such as CLS, must have some discretion in assessing the merit of hundreds of potential cases that walk through their portals. Criteria such as the likelihood of success on the merits, prior experience with the same clients, assessment of a client's credibility and a responsibility to adhere to ethical considerations must come into play when CLS is forced by limited funding to make reasonable judgment calls. *See Wetzel v. Commonwealth of Pennsylvania, Department of Welfare*, … 451 A.2d 1067 ([Pa. Cmwlth.] 1982)

7

(holding that, due to the availability of county resources and needs, legal services agencies must be accorded a certain amount of latitude to develop systems of case priorities and exclusions).

*Miller-Turner v. Dep't of Pub. Welfare*, 629 A.2d 308, 311-12 (Pa. Cmwlth. 1993).

Similarly, as far back as 2006, DHS has stated: "[d]ue to limited funding, legal services agencies must have discretion in assessing merit in the high volume … of cases that it reviews. Appellate courts have concluded that legal services agencies must be accorded latitude in developing case priorities and exclusions." *Appeal of Irving C. Jones*, No. 511689336-006M (final order, July 31, 2006). C.R., Item No. 2, Ex. 2, unnumbered p. 14.

Here, CLS determined that providing services to Claimant was not consistent with Rule 1.3 of the Pennsylvania Rules of Professional Conduct because Claimant's case involved a complex and time-consuming matter beyond the scope of representation that CLS normally provides. By February 24, 2017, when Claimant approached CLS the second time for the same matter, his discrimination claims were untimely for litigation. For these reasons, CLS appropriately denied Claimant's request for free legal services under Title XX.

## IV. Conclusion

Accordingly, we vacate the Secretary's July 3, 2017 Order as a nullity. The BHA's Final Administrative Action Order of June 2, 2017 is the final, valid adjudication in this matter.

_____
ELLEN CEISLER, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Milton Sloan,                              :
                    Petitioner             :
                                           :
        v.                                 :   No. 1167 C.D. 2017
                                           :
Department of Human Services,              :
                    Respondent             :

**O R D E R**

AND NOW, this 4th day of June, 2018, the Order of the Secretary of Human Services, dated July 3, 2017, is VACATED.[5]

_____
ELLEN CEISLER, Judge

---

[5] In vacating the July 3, 2017 order, the final adjudication in this matter is the June 2, 2017 Final Administrative Action Order of the Department of Human Services, Bureau of Hearings and Appeals, which affirmed the decision of the Administrative Law Judge denying Claimant's appeal from a decision of Community Legal Services of Philadelphia that denied his application for Title XX legal services.