IN THE COMMONWEALTH COURT OF PENNSYLVANIA

T.G.,                                  :    SEALED CASE
                    Petitioner         :
                                       :
                                       :
          v.                           :
                                       :
Department of Human Services,          :    No. 600 C.D. 2021
                    Respondent         :    Submitted: March 18, 2022


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: October 26, 2022


          T.G. petitions this Court for review of the Department of Human
Services' (DHS) April 29, 2021 order denying her request for rehearing or
reconsideration.   There are two issues before this Court: (1) whether T.G.'s
Application for Leave to File Reply Brief Late (Application to File Reply Brief)
should be granted; and (2) whether DHS's Office of Children, Youth, and Families'
(CYF) Application to Dismiss T.G.'s appeal (Application to Dismiss) should be
granted.


## Facts

          On June 2, 2017, DHS informed T.G. that she was listed on the
ChildLine and Abuse Registry (ChildLine Registry)[1] as a perpetrator of child abuse.

---

[1] Section 3490.4 of DHS's Regulations defines "ChildLine" as

> [a]n organizational unit of [DHS] which operates a [s]tatewide toll-
> free system for receiving reports of suspected child abuse
> established under [S]ection 6332 of the [Child Protective Services

On June 15, 2017, T.G. filed an expungement appeal from DHS's determination to the Bureau of Hearings and Appeals (BHA) and requested a hearing. On January 25, 2018, a BHA Administrative Law Judge issued a Rule to Show Cause (Rule) directing T.G. to show cause why the appeal should go to a hearing rather than be dismissed. The Rule expressly directed T.G.

> to timely respond to th[e] Rule within **thirty (30) days** from the date of its entry by filing a written response that specifically addresses the above concern with a concise explanation detailing the basis for the party's argument that the appeal should not be dismissed and must provide citation to any relevant statutory, regulatory or decisional authority in support of the party's argument.

Certified Record (C.R.) at 19 (emphasis in original). The Rule warned: "**<u>Failure to timely respond in writing will result in the dismissal of the appeal</u>**." C.R. at 20 (bold and underline emphasis in original). T.G. did not file a response.

On March 27, 2018, the BHA dismissed T.G.'s appeal because a dependency court found that the subject child was a victim of abuse, that T.G. was one of the perpetrators of the abuse, that the same factual circumstances gave rise to a founded report of abuse, and that T.G. was "afforded an opportunity to demonstrate that said finding was not related to the above-captioned allegations of child abuse or that the outcome should not result in dismissal of these matters on the basis of collateral estoppel." C.R. at 25. The BHA's March 27, 2018 order specifically informed:

> Either party to this proceeding has fifteen (15) calendar days from the date of this decision to request

Law (]CPSL[), 23 Pa.C.S. § 6332] (relating to establishment of [s]tatewide toll-free telephone number), refers the reports for investigation and maintains the reports in the appropriate file. . . .

55 Pa. Code § 3490.4. "The ChildLine Registry is maintained in accordance with the [CPSL.]" *In re: S.H.*, 96 A.3d 448, 450 n.2 (Pa. Cmwlth. 2014).

reconsideration by the Secretary of [DHS]. To seek reconsideration, you must fully complete the enclosed application/petition for reconsideration. The application/petition shall be addressed to the Secretary, but delivered to the Director, [BHA], P.O. Box 2675, Harrisburg, Pennsylvania, 17105-2675, and must be received in the [BHA] within fifteen (15) calendar days from the date of this [o]rder. This action does not stop the time within which an appeal must be filed to Commonwealth Court [of Pennsylvania]. The Applicant/Petitioner shall serve a copy of the application/petition on the opposing party(ies).

The appropriate party(ies), where permitted, may take issue with this [a]djudication[] and [o]rder, and may appeal to the Commonwealth Court of Pennsylvania, within thirty (30) days from the date of this order. . . .

*Id.* (underline emphasis in original). T.G. did not request reconsideration within 15 days, nor did she appeal to this Court within 30 days.

On April 8, 2021, T.G., through counsel (Counsel), filed a "Request for Hearing on Child Abuse Expunction [(Request for Hearing)]" with the BHA. C.R. at 27. Counsel also filed a "Memorandum of Law in Support of Application for Child Abuse Expunction [(Memorandum of Law)]" arguing therein that, because it was determined that both parents were responsible for the entirety of the abuse without any specific determinations relative to who was responsible for which abuse, T.G. is entitled to an administrative hearing before the DHS Secretary to determine whether the underlying adjudication of child abuse supports a founded report of abuse against her specifically. C.R. at 29; *see* C.R. at 29-31. On April 29, 2021, DHS denied T.G.'s request, stating: "[T]he request for rehearing or reconsideration filed by [T.G.] is **DENIED** because the request for rehearing or reconsideration was not timely filed." C.R. at 39.

On June 1, 2021, T.G. appealed to this Court. On June 22, 2021, Philadelphia County DHS (County DHS) filed a notice of intervention. On July 26,

3

2021, CYF filed the Application to Dismiss, alleging therein that T.G.'s request for reconsideration is not a "good cause" appeal request pursuant to Section 6341(a)(1) of the Child Protective Services Law (CPSL) but, instead, challenges whether sufficient evidence exists to support a founded report that T.G. committed child abuse or if expunction is appropriate. Thus, CYF argues that T.G. only had 15 days from the BHA's March 27, 2018 order dismissing her appeal to file such a challenge. On July 26, 2021, County DHS joined CYF's Application to Dismiss.

On August 2, 2021, T.G. filed an Answer to the Application to Dismiss, wherein, for the first time she averred:

> 6. At the time of the abuse, [T.G.] lacked the information [T.G.] now possesses. Despite [DHS's] refusal to acknowledge this, [T.G.] has averred the presence of "newly discovered evidence" that deserves to be presented at a hearing.
>
> 7. Simultaneously, [T.G.] is prepared, with the newly discovered evidence, to prove that she "does not represent a risk" of committing child abuse. The fact that she has had and continues to have sole custody of her children is *partial* evidence of this.

T.G. Answer ¶¶ 6-7. On August 5, 2021, CYF filed a Reply to T.G.'s Answer to the Application to Dismiss. Also on August 5, 2021, County DHS joined in CYF's Reply to T.G.'s Answer to the Application to Dismiss. By August 24, 2021 Memorandum and Order, this Court directed that the Application to Dismiss shall be listed with the merits of the Petition for Review (Petition), and that CYF's and County DHS's replies to T.G.'s Answer to the Application are stricken as unauthorized.

On August 30, 2021, CYF filed an Application to Strike T.G.'s Brief and Reproduced Record pursuant to Pennsylvania Rule of Appellate Procedure (Appellate Rule) 123 (Application to Strike), asking this Court to direct T.G. to refile

4

both documents in accordance with the Appellate Rules. Also on August 30, 2021, County DHS joined CYF's Application to Strike. By September 24, 2021 Order, this Court granted the Application to Strike, ordered T.G.'s brief stricken, and directed T.G. to file and serve an amended brief that complies with the Appellate Rules on or before October 8, 2021. This Court denied CYF's request that T.G.'s reproduced record be stricken. On October 12, 2021, T.G. filed an Application for Leave to File an Addendum to her amended brief (Addendum Application).[2] By October 19, 2021 Order, this Court denied T.G.'s Addendum Application pursuant to Appellate Rule 1951 because the Addendum was not part of the certified record, and directed that T.G.'s Reply to CYF's Answer to the Addendum Application be stricken.[3]

On November 29, 2021, T.G. filed the Application to File Reply Brief. On December 3, 2021, CYF filed an Answer to T.G.'s Application to File Reply Brief. On December 6, 2021, County DHS joined CYF's Answer to T.G.'s Application to File Reply Brief. By December 6, 2021 Order, this Court directed that T.G.'s Application to File Reply Brief shall be listed with the merits of the appeal.

## Discussion

### Application to File Reply Brief

In her Application to File Reply Brief, T.G. avers:

---

[2] On October 14, 2021, CYF filed an Answer to T.G.'s Addendum Application. Also on October 14, 2021, County DHS joined CYF's Answer to T.G.'s Addendum Application. On October 18, 2021, T.G. filed a Reply to CYF's Answer to T.G.'s Addendum Application.

[3] On October 26, 2021, T.G. filed an Application for Admonishment of CYF and County DHS (Admonishment Application) for repeated failures to comply with the Appellate Rules. Also on October 26, 2021, County DHS filed an Answer to T.G.'s Admonishment Application. On October 27, 2021, CYF filed an Answer to T.G.'s Admonishment Application. By October 29, 2021 Order, this Court denied T.G.'s Admonishment Application.

1. [T.G.'s amended brief] was timely filed October 8, 2021, with this Court electronically pursuant to the Court's scheduling Order.

2. [CYF's brief] was timely filed November 8, 2021[,] with this Court electronically.

3. [T.G.'s] [r]eply [b]rief was due on November 22, 2021.

4. [T.G.] has filed her [r]*eply* [b]*rief* . . . on November 29, 2021.

5. [T.G.] miscalculated the 14[]days in which the [r]eply [b]rief was due, in part, due to the Thanksgiving holiday and, in part, due to significant time spent working on a pro bono custody matter.

6. [T.G.] was not aware that the [r]*eply* [b]*rief* of [T.G.] was filed 7 days late until notice was kindly provided by Attorney Jeffrey Hoelich for [CYF].

7. The acceptance of [T.G.'s] [r]eply [b]rief filed on November 29, 2021, will not prejudice [CYF].

8. This Honorable Court has not begun reviewing the instant appeal; the case has not been submitted to a panel of this Court as of November 29, 2021.

9. This Honorable Court has the authority to accept the filing of [the] [r]eply [b]rief of [T.G.] late pursuant to [Appellate Rule] 105(b).

Appl. to File Reply Br. ¶¶ 1-9. In its Answer thereto, CYF requests this Court to deny T.G.'s Application to File Reply Brief, strike T.G.'s reply brief as prejudicial and noncompliant with the Appellate Rules, and preclude T.G. from filing a reply brief for continued failure to comply with the Appellate Rules and the failure to comply with this Court's October 19, 2021 Order.

This Court's review of T.G.'s Appendix to her reply brief and T.G.'s Addendum Application reveals that the Appendix to her reply brief and the proposed Addendum are the same document, i.e., a verified statement dated October 12, 2021, concerning T.G.'s knowledge of child abuse and neglect, which this Court denied

pursuant to Appellate Rule 1951, as not being part of the certified record. Due to the untimeliness of T.G.'s reply brief, and the fact that it relies upon and attaches a document which this Court previously denied as not being a part of the certified record, this Court denies T.G.'s Application to File Reply Brief, strikes T.G.'s reply brief as prejudicial and noncompliant with the Appellate Rules, and precludes T.G. from filing a reply brief.

**Application to Dismiss**

CYF argues that T.G. is precluded from challenging BHA's March 27, 2018 order because she failed to timely appeal therefrom. CYF contends that T.G.'s April 6, 2021 Request for Hearing and Memorandum of Law were not a "good cause" appeal but, rather, a challenge to BHA's March 27, 2018 order estopped by the doctrine of collateral estoppel. CYF further asserts that, because T.G. is challenging BHA's March 27, 2018 order, neither the BHA nor this Court have jurisdiction to address the appeal. T.G. rejoins that, because she has evidence neither known nor knowable at the time of the dependency hearing and during the initial appeal before the BHA, her appeal falls within the "good cause shown" clause of Section 6341(a)(1) of the CPSL and, thus, both the BHA and this Court have jurisdiction to review it.

Section 6341(a) of the CPSL provides, in relevant part:

> **General rule.--**Notwithstanding [S]ection 6338.1 [of the CPSL, 23 Pa.C.S. § 6338.1] (relating to expunction of information of perpetrator who was under 18 years of age when child abuse was committed):
>
> (1) **At any time**, **the [DHS S]ecretary may** amend or **expunge any record** in the [s]tatewide database under this chapter **upon good cause shown** and notice to the appropriate subjects of the report. The request shall be in writing in a manner prescribed by [DHS]. For purposes of

7

this paragraph, **good cause shall include**, but is not limited to, the following:

(i) **Newly discovered evidence** that an indicated report of child abuse is inaccurate or is being maintained in a manner inconsistent with this chapter.

(ii) A determination that the perpetrator in an indicated report of abuse no longer represents a risk of child abuse and that no significant public purpose would be served by the continued listing of the person as a perpetrator in the [s]tatewide database.

23 Pa.C.S. § 6341(a) (text emphasis added).

T.G. insists, **at this time**, that because she has new evidence, she is entitled to a new hearing under Section 6341(a)(1) of the CPSL. However, she did not claim in either her Request for Hearing or her Memorandum of Law that she had new evidence to present to the BHA. Further, T.G.'s purported new evidence is the verified statement dated October 12, 2021, concerning T.G.'s knowledge of child abuse and neglect that T.G. unavailingly attempted to add to her amended brief and include in a reply brief. *See supra* (Addendum Application denied; Application to File Reply Brief denied). Rather, in her Memorandum of Law, T.G. relied upon *J.F. v. Department of Human Services*, 245 A.3d 658 (Pa. 2021), for the proposition that she was denied due process at the time her indicated report of child abuse was designated founded.

In *J.F.*, the county agency designated J.F.'s indicated report of child abuse founded, and filed a motion to dismiss J.F.'s appeal based on J.F.'s entry into the Accelerated Rehabilitative Disposition program (ARD) for two counts of endangering the welfare of a child. J.F. filed a response thereto within 15 days. The motion to dismiss was granted without a hearing based on the probable cause affidavit, wherein J.F. admitted to leaving her children alone at 1:00 a.m. to go to a bar where she ended up drinking to the point that she lost consciousness. J.F.

8

appealed to this Court, which reversed DHS's order. DHS petitioned for allowance of appeal with the Pennsylvania Supreme Court, which accepted the appeal. Our Supreme Court held that, because the founded report was based on ARD as opposed to a criminal conviction or a dependency adjudication, there was no agency hearing in which J.F. had an opportunity to be heard. Accordingly, the *J.F.* Court held that, in the absence of another appropriate forum to challenge DHS's adjudication of child abuse in a recorded evidentiary hearing, a named perpetrator in a report designated as founded based upon the perpetrator's voluntary entry into ARD is entitled to an administrative hearing. Here, T.G.'s indicated report of child abuse was designated founded based on a dependency adjudication wherein T.G. had both notice and an opportunity to be heard. Accordingly, *J.F.* is inapposite.

The Rule notified T.G. that her indicated report of child abuse was designated founded based on the dependency court's adjudication and further specified that T.G. had 15 days to respond. That was the appropriate time for T.G. to raise the argument she now sets forth, i.e., because both parents were found to have committed child abuse, there was no specific determination relative to who was responsible for which abuse. However, T.G. did not do so. Thus, DHS properly treated T.G.'s Request for Hearing as a late-filed Petition for Reconsideration (Reconsideration Request).

Having determined that T.G's Request for Hearing was a Reconsideration Request rather than a request for hearing under Section 6341(a) of the CPSL, this Court now addresses CYF's argument that neither the BHA nor this Court have jurisdiction to entertain T.G.'s challenge to the BHA's March 27, 2018 order.

Section 6341(g) of the CPSL mandates:

> **Reconsideration and appeal.--**Parties to a proceeding or hearing held under subsection (c.2) have 15 calendar days

9

> from the mailing date of the final order of the [BHA] to request the [DHS S]ecretary to reconsider the decision. Parties to a proceeding or hearing held under this section have 30 calendar days from the mailing date of the final order of the [BHA] to perfect an appeal to Commonwealth Court. The filing for reconsideration shall not toll the 30 days provided.

23 Pa.C.S. § 6341(g).

> Further,

> [t]he General Rules of Administrative Practice and Procedure [(GRAPP)] provide, with exceptions not relevant here, that an application for reconsideration of an administrative decision "may be filed by a party to a proceeding within 15 days . . . after the issuance of an adjudication or other final order by the agency." [Section 35.241(a) of GRAPP,] 1 Pa. Code § 35.241(a). This [15]-day time limit was expressly set forth in the [Rule] sent to [T.G]. [T.G.] did not seek reconsideration of the [BHA's March 27, 2018 order] until [almost 3 years] after the expiration of the mandatory [15]-day time limit. Because [T.G.'s] request for reconsideration was not filed within the mandatory time limit imposed by [Section] 35.241(a) [of GRAPP], [DHS] was without jurisdiction to consider [T.G.'s] request for reconsideration. Therefore, [DHS's order denying T.G.'s Reconsideration Request] was not a valid order from which [T.G.] could appeal.

*A.P. v. Dep't of Pub. Welfare*, 884 A.2d 974, 976 (Pa. Cmwlth. 2005); *see also Sloan v. Dep't of Hum. Servs.* (Pa. Cmwlth. No. 1167 C.D. 2017, filed June 4, 2018); *B.B.T. v. Dep't of Hum. Servs.* (Pa. Cmwlth. No. 2121 C.D. 2016, filed Aug. 31, 2017).[4] Accordingly, CYF's Application to Dismiss is granted.

---

[4] Unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

**Conclusion**

For all of the above reasons, T.G.'s Application to File Reply Brief is denied.  CYF's Application to Dismiss is granted.  T.G.'s appeal is dismissed.


_____
ANNE E. COVEY, Judge

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| T.G., | : | <u>SEALED CASE</u> |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Department of Human Services, | : | No. 600 C.D. 2021 |
| Respondent | : | |

O R D E R

AND NOW, this 26th day of October, 2022, T.G.'s Application for Leave to File Reply Brief Late is DENIED. The Department of Human Services' Office of Children, Youth, and Families' Application to Dismiss T.G.'s Appeal is GRANTED. T.G.'s appeal is DISMISSED.

_____
ANNE E. COVEY, Judge