512 A.2d 87

Gwendolyn Ormes, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs April 29, 1986, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*Gwendolyn Marilyn Ormes,* petitioner, for herself.

*Jason W. Manne,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, July 10, 1986:

Gwendolyn Ormes (Petitioner) seeks review of an order of the Pennsylvania Department of Public Welfare (DPW) which affirmed the decision of the Allegheny County Assistance Office (CAO) to discontinue Petitioner's benefits under the Aid to Families with Dependent Children (AFDC) program. We affirm.

Petitioner was laid off from her teaching position on June 22, 1983 and subsequently applied for receipt of contributions made to the State Teachers Retirement Fund. On November 14, 1983, Petitioner applied for AFDC benefits for herself and her minor son. Although Petitioner informed her intake worker that her retirement contributions would be made available, Petitioner did not sign an acknowledgement for reimbursement.[1]

---

[1] Section 257.24 of the Public Assistance Manual, 55 Pa. Code §257.24 provides, in pertinent part:

(a) *Acknowledgement of liability.*
Acknowledgment of liability will be as follows:

(1) *General.* Liability for reimbursement will be as follows:

(i) Liability for reimbursement will not be dependent upon agreement by the debtor.

. . . .

(2) *Acknowledgment by applicant and recipient.* Acknowledgment of liability for an applicant or recipient will be obtained as follows:

. . . .

AFDC benefits were authorized in the amount of $262.00 per month effective November 14, 1983.[2] Petitioner received her retirement contributions in the form of a lump sum payment in the amount of $1,657.68 on November 22, 1983. Petitioner properly reported receipt of this money to the CAO.

On December 22, 1983, the CAO notified Petitioner that her AFDC benefits would be discontinued effective January 10, 1984 through April 30, 1984.[3] Petitioner filed a timely administrative appeal which, after a hearing, was denied in part.[4] After DPW affirmed the administrative appeal, Petitioner filed her petition for review to this Court. We remanded the petition to DPW for further proceedings and the entry of a new decision because the cassette tapes of the prior hearing had been erased.

---

(ii) *Recipient.* The responsibilities of the recipient will be as follows:

(A) The person, whether or not a recipient, who is liable for reimbursement must sign the proper acknowledgment of liability for past and future assistance . . . whenever either of the following take place:

(I) Reimbursable property is acquired.

(II) Property subject to reimbursement is discovered by a review, audit, or any other means and an *acknowledgment should have been obtained but was not.* (Emphasis added.)

[2] Petitioner received a pro-rated amount of $77.40 for the period November 14, 1983 to November 22, 1983.

[3] The CAO computed the period of ineligibility by dividing the lump sum payment by the Woodbury Standard of Need (at that time $450 for two people), resulting in four months ineligibility.

[4] The period of ineligibility was adjusted as follows:

| | |
|---|---|
| Lump sum payment | $1,657.68 |
| Assistance payment 11-14-83 (Reimb.) | - 77.40 |
| Net resource | $1,580.28 |

Dividing $1,580.28 by the Woodbury Standard resulted in a three month ineligibility, with $230.28 adjusted in the fourth month if Petitioner would reapply for AFDC assistance.

Another hearing was held on July 24, 1985, after which Petitioner's appeal was denied. This denial was affirmed by the Office of Hearings and Appeals on September 20, 1985. Petitioner filed a motion for reconsideration which was denied by DPW on October 23, 1985. Petitioner filed the instant petition for review on November 22, 1985.[5]

Petitioner, *pro se*, argues that the lump sum money she received was not reimbursable to DPW because she had contracted with her landlord to apply the lump sum toward back rent obligations. She further argues that DPW did not comply with the applicable regulations in discontinuing her benefits.

DPW's regulations governing income provisions for AFDC applicants require that "[a]ll income . . . be taken into account when determining both the need of the client and the amount of the grant by following the specified procedures." 55 Pa. Code §183.1. The procedures referred to in Section 183.1 state that:

A person will be ineligible for assistance, if after the application of §183.44(a) and (b) (relating to procedures) for AFDC . . . , the net income equals or exceeds the family size allowance as provided in §175.23(a) (relating to require-

---

[5] DPW's regulation found at 55 Pa. Code §275.4(h)(4)(iv) provides that "[i]n cases where there is a request for reconsideration, the time limit, 30 days, for appealing the decision of the Department to the Commonwealth Court will begin on the date the Secretary responds to the request." We must note, however, that this regulation is clearly inconsistent with Pa. R.A.P. 1701(b)(3) and is therefore invalid. It would appear, then, that this Court could not address the merits of the order of September 20, 1985 but only the order denying reconsideration. Since the timeliness of an appeal is jurisdictional, we may raise the issue *sua sponte*. In the instant case, however, in fairness to the Petitioner whose appeal would have been timely filed under the regulation we have cited, we will invalidate the regulation prospectively only.

ments). The income that is exempt from these procedures is listed in § . . . 183.43(a) (relating to requirements). . . .

55 Pa. Code §183.23(b). Retirement benefits, such as that received by Petitioner, are not exempt under 55 Pa. Code §183.43(a). Section 183.43(b) of the Manual, 55 Pa. Code §183.43(b), states:

The income procedures of §183.44(a) and (b) (relating to procedures) will be applied to all income not exempted by subsection (a). . . . If the net income after application of these procedures equals or exceeds the family size allowance as provided in §175.23(a) (relating to requirements), assistance will not be authorized. The period of ineligibility may be more than one month. For purposes of considering the income and its effect on the grant, income will be considered to be recurring or nonrecurring and earned or nonearned as provided in §183.22 (relating to definitions).

Petitioner's retirement money is non-earned income in the form of a nonrecurring cash payment. 55 Pa. Code §183.22. Section 183.44(b) of the Manual provides:

(b) The procedure for treatment of AFDC nonearned income is as follows:

(1) *Lump Sum income.* The procedures for lump sum income are as follows:

(i) *The types of lump sum income.* The types of lump sum income are as follows:

. . . .

(B) *Accumulated or retroactive benefits.* These benefits include, but are not limited to, retroactive RSDI, Worker's Compensation, or Unemployment Compensation, and the like. Such benefits are usually subject to reimbursement requirements in accordance with Chapter 257 (relating to reimbursement).

(ii) *Allowable deductions from lump sum income.* Allowable deductions from lump sum income are as follows:

. . . .

(B) The only direct/indirect expense that can be deducted for accumulated or retroactive benefits is the amount of the reimbursement due the department from these benefits. This amount is determined in accordance with §257.24 (relating to procedures).

(iii) *Treatment of lump sum income.* Lump sum income is treated as follows:

(A) After disregard of the allowable deductions in accord with subparagraph (ii), the lump sum income payment is added to earned income less disregards, in accordance with subsection (a) and unearned income.

(B) If such income exceeds the standard of need as provided in §175.23(a) (relating to requirements), the assistance unit is ineligible no later than the payment month corresponding with the budget month in which the payment was received and for future months. The total number of months of ineligibility is determined by dividing the total income as determined in clause (A) by the standard of need in accordance with §175.23(a) (relating to requirements). The result is the number of months during which the assistance unit remains ineligible. Where the total income is greater than the standard of need the assistance unit will be ineligible for 1 month—2 semimonthly payment periods. After the division, any excess lump sum resource remaining is considered as excess income in the first month following the period of ineligibility. Changes in the circumstances of the assistance

unit following application of this requirement will not change the period of ineligibility . . . [with an exception only for the occurrence of a natural disaster].

. . . .

(iv) *Application*. The lump sum provisions in subparagraphs (i)—(iii) apply only to those individuals who were receiving AFDC during the month the lump sum income was received.

DPW properly applied the above regulations to determine that Petitioner was ineligible for AFDC benefits for the period stated. The use of such income to pay back rent was not an allowable deduction under the Manual. Therefore, it did not amount to an abuse of discretion for DPW to find that the retirement money was available nonearned income. Our review of the record reveals that DPW complied with all of the applicable regulations.[6]

Having found that DPW did not commit an error of law, no constitutional rights were violated and DPW findings of fact are supported by substantial evidence, *Klingerman Nursing Center, Inc. v. Department of Public Welfare*, 73 Pa. Commonwealth Ct. 470, 458 A.2d 653 (1983), we will affirm.

ORDER

The order of the Department of Public Welfare is hereby affirmed.

---

[6] Claimant argues that 55 Pa. Code §255.4 applies where a client has received an overpayment. However, that section refers to restitution, not reimbursement, and lump sum retirement income is subject to reimbursement. 55 Pa. Code §183.44(b)(1)(1)(B).