533 A.2d 1114

Monsour Medical Center, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued October 9, 1987, before Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*John M. Silvestri,* for petitioner.

*Jason W. Manne,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, November 30, 1987:

Monsour Medical Center (Petitioner) appeals from a decision of the Department of Public Welfare (DPW), Office of Hearings and Appeals (OHA) which denied Petitioner's request for reimbursement for in-patient care.

The issue presented for our consideration by Petitioner in its brief is whether the decision of DPW's Executive Deputy Secretary in denying reimbursement for the hospitalization of a mentally retarded fifteen year old boy from June 12, 1985 to June 16, 1985 was proper. However, before we can reach this issue, we must determine whether Petitioner's appeal to this Court was timely.[1]

The relevant facts are as follows. Petitioner submitted an appropriate request for reimbursement of hospital services to DPW's Bureau of Utilization Review (BUR). The BUR denied Petitioner's request for reimbursement. On or about October 21, 1985 Petitioner requested an appeal from the decision of the BUR. On February 25, 1986, a hearing was held before a DPW

---

[1] DPW in its brief asserts that the appeal should have been filed within thirty days of the deemed denial or November 19, 1986. While we agree that the appeal is untimely, we do not agree that Petitioner was required to appeal within thirty days of the deemed denial.

hearing officer, after which the hearing officer recommended that the request for reimbursement be denied. On August 14, 1986, the director of OHA, Patricia H. O'Neal, issued a decision and order adopting the hearing officer's decision and denying reimbursement of the in-patient medical services requested by Petitioner. This order specifically provided that any party dissatisfied with the decision could request a reconsideration and that said reconsideration must be postmarked within fifteen days from the date of the order. The order further provided that a request for reconsideration *would not toll the time within which an appeal must be filed to the Commonwealth Court* and that an appeal must be taken to the Commonwealth Court within thirty days from the date of the order.

On August 29, 1986, Petitioner requested a reconsideration of the OHA order of August 14, 1986. The Executive Deputy Secretary did not act on this request for reconsideration until October 7, 1986 when it issued a preliminary order granting reconsideration. On November 19, 1986, a final order denying reconsideration was issued by the Executive Deputy Secretary. On December 19, 1986, a petition for review was filed by Petitioner with this Court.

In *Ormes v. Department of Public Welfare*, 98 Pa. Commonwealth Ct. 588, 512 A.2d 87 (1986), this Court determined that DPW regulations which provided for a thirty day time to appeal after the secretary's response to a request for reconsideration were invalid because they were inconsistent with the provisions of Pa. R.A.P. 1701(b)(3). According to Pa. R.A.P. 1701(b)(3) after an appeal is taken or review of a quasi judicial order is sought, the trial court or other government unit may grant reconsideration of the order if an application for reconsideration has been made. This rule further provides that a timely order granting reconsideration shall

render inoperative any such notice of appeal or petition for review of a quasi judicial order. When a timely order of reconsideration is entered under Rule 1701(b)(3), the time for filing a notice of appeal or petition for review begins to run after the entry of the decision and reconsideration. Therefore, the only thing that will toll the statute of limitations is an order granting reconsideration. The filing of a petition for reconsideration will not toll the thirty day statute of limitations.

Here, the preliminary order granting reconsideration was issued on October 7, 1986, well over the thirty day time period; and the final order was issued on November 19, 1986, again well over the thirty day time period. It is provided in 1 Pa. Code §35.241(d) that when the Executive Deputy Secretary fails to issue a determination on a request for reconsideration within thirty days that the request is deemed denied. Therefore, any action taken by the Executive Deputy Secretary after this thirty day time period is null and void. *See Brookline Manor Convalescent Home v. Department of Public Welfare,* 89 Pa. Commonwealth Ct. 630, 492 A.2d 1207 (1985). Where the application for reconsideration is denied, Pa. R.A.P. 1512(a)(1), which provides that petitions for review shall be filed within thirty days of the entry of an order from which an appeal is taken, is applicable. *See Modzelewski v. Department of Public Welfare,* 109 Pa. Commonwealth Ct. 519, 531 A.2d 585 (1987). In the case at hand, *no* action was taken on Petitioner's request for reconsideration until October 9, 1985, well over the thirty day time period. Thus, Petitioner was required to file a petition for review with this Court within thirty days from August 14, 1986, the date of issuance of the OHA order.[2] Petitioner

---

[2] We are not aware of any statute or regulation which *requires* a party to file a petition for reconsideration of an OHA decision.

did not file its petition for review until December 19, 1986; and, therefore, its appeal is untimely.

We should also note that in *Ormes*, this Court specifically noted that the invalidation of this DPW regulation would be applied prospectively. Therefore, any appeals prior to the date of the *Ormes* decision, July 10, 1986, would be given consideration since the DPW regulations were not yet declared invalid. As to those matters occurring after July 10, 1986, *Ormes* would be applicable. *See Modzelewski; Conklin v. Department of Public Welfare*, 105 Pa. Commonwealth Ct. 84, 522 A.2d 1207 (1987); *Nelson v. Department of Public Welfare*, 103 Pa. Commonwealth Ct. 21, 519 A.2d 1062 (1986); *Rocco v. Department of Public Welfare*, 100 Pa. Commonwealth Ct. 587, 515 A.2d 113 (1986). In the case at bar, the decision of the OHA was on August 14, 1986 and therefore *Ormes* is applicable. The OHA decision was issued on August 14, 1986 and the Petitioner did not file a petition for review with this Court until December 19, 1986.

Accordingly, Petitioner failed to file a timely petition for review with this Court because they were required to file their petition for review within thirty days of August 14, 1986. Although Petitioner filed a timely appeal from the November 19, 1986 decision of the Executive Deputy Secretary denying reconsideration, the appeal was from a null and void order and therefore must be dismissed.

ORDER

AND NOW, this 30th day of November, 1987, Petitioner's appeal in the above-captioned matter is hereby dismissed as an appeal from a null and void order.