548 A.2d 701

Michael A. Ziev, D.O., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare and John F. White, Jr., Secretary of Department of Public Welfare, Respondents.

440

*Bruce L. Thall,* with him, *Gilbert B. Abramson, Abramson, Cogan, Kogan, Freedman & Thall, P.C.,* for petitioner.

*Bruce G. Baron,* Assistant Counsel, for respondents.

OPINION BY SENIOR JUDGE NARICK, October 17, 1988:
This is an appeal by Dr. Michael Ziev (Petitioner) from a decision and order of the Secretary (Secretary) of the Department of Public Welfare (DPW). We affirm.

We recognize that the chronology of events in this matter is confusing; therefore, we will attempt to set forth the relevant facts as clearly and concisely as possible.

Petitioner, a licensed osteopathic physician voluntarily withdrew from DPW's Medical Assistance Program (MAP). By letter dated September 19, 1986, DPW advised Petitioner that his resignation was accepted. However, pursuant to a letter dated November 26, 1986, Petitioner was informed that DPW intended to preclude his participation in MAP for a five year period. DPW also demanded restitution in the amount of $4,326.50.[1] Having already resigned from MAP, Petitioner took no action with respect to this letter.

On *January 14, 1987,* a final order was issued by the Office of Hearings and Appeals (OHA) precluding Petitioner from any direct or indirect participation in MAP for a five year period. The order further stated that Petitioner could request reconsideration with the OHA by filing a request within fifteen days or that Petitioner could file an appeal to the Commonwealth Court within thirty days. Again, because he had already resigned from MAP, Petitioner took no action other than to pay the restitution amount of $4,326.50.[2]

On *July 13, 1987,* upon discovering that his suspension from MAP also precluded his elderly patients from securing benefits under the Pharmaceutical Assistance Contract for the Elderly Act (PACE), Petitioner filed a petition for allowance of appeal *nunc pro tunc* of the

---

[1] This letter advised Petitioner he had a right to appeal DPW's action within thirty days and that if he failed to appeal he would be deemed to have no objection to the revocation.

[2] The record is not clear as to whether this restitution amount was paid after the November letter or the January order.

OHA order.[3] On *August 12, 1987*, the Secretary issued an order denying Petitioner's request as untimely.

On *September 13, 1987*, the Secretary received a letter from Petitioner requesting that the August 12, 1987 order be rescinded and that his file be reopened for reconsideration. On *September 14, 1987*, Petitioner filed a petition for review with the Commonwealth Court seeking review of the August 12, 1987 order.[4] On *September 16, 1987*, the Secretary issued an order granting Petitioner's request to reopen the record for the purpose of conducting a hearing and rendering a decision on the merits of the case. On *November 12, 1987*, the Secretary vacated his September 16, 1987 order indicating that he lacked the authority to enter said order. On *September 24, 1987*, DPW filed a Motion to Reconsider and Vacate the Order of September 16, 1987. On *December 14, 1987*, Petitioner filed the instant petition for review with this Court seeking review of the Secretary's November order.

First, we will address the timeliness of Petitioner's appeal herein.[5]

---

[3] Contemporaneously Petitioner filed a petition for stay of the January 14, 1987 order until the petition for reconsideration and appeal *nunc pro tunc* were finally resolved.

[4] This appeal was docketed at No. 2146 C.D. 1987.

[5] On September 14, 1987, Petitioner appealed the August 12, 1987 order of the Secretary (No. 2146 C.D. 1987) which denied his request for reconsideration and appeal *nunc pro tunc* complaining that his constitutional rights were violated because the suspension notice did not advise him that the suspension would preclude the participation of his patients in PACE. On November 20, 1987, DPW filed an application for special relief pursuant to Pa. R.A.P. 1532(b) arguing that there is no constitutional requirement that a notice of suspension from participation in an administrative agency program must include information concerning the effects of such suspension. In granting the application for special relief, this Court agreed with DPW's position that no such constitutional requirement existed and that Petitioner's appeal of the January 14, 1987

It is provided in Pa. R.A.P. 1512(a)(1) that a petition for review of a quasi judicial order shall be filed within thirty days of the entry of the order. Pursuant to Pa. R.A.P. 1701(b)(3), after an appeal of a quasi judicial order is taken, the trial court or other government unit may grant reconsideration of the order if an application for reconsideration has been made. This rule further provides that a timely order granting reconsideration shall render inoperative any such notice of appeal or petition for review of a quasi judicial order. If a timely order of reconsideration is entered under Rule 1701(b)(3), the time for filing a notice of appeal or petition for review begins to run after the entry of the decision and reconsideration. Therefore, the only thing that will toll the statute of limitations is an order *granting* reconsideration. *Monsour Medical Center v. Department of Public Welfare,* 111 Pa. Commonwealth Ct. 359, 533 A.2d 1114 (1987). Where an application for reconsideration is denied, Pa. R.A.P. 1512(a)(1) which requires petitions for review to be filed within thirty days of the entry of an order from which an appeal is taken, is applicable. *Id. Also see Modzelewski.*

Petitioner timely appealed the November 12, 1987 order of the Secretary by filing a petition for review with this Court on Monday, December 14, 1987. This order vacated the Secretary's earlier decision on September 16, 1987 granting reconsideration. We believe the Secretary acted properly in vacating this order. The Secretary's order of September 16, 1987 was in re-

---

order on July 13, 1987 was untimely. Accordingly, our review herein is confined to a determination as to whether the Secretary abused his discretion when on November 12, 1987 he vacated the September 16, 1987 order which in effect denied Petitioner's September 13, 1987 request for reconsideration and reopening of the record. *See Modzelewski v. Department of Public Welfare,* 109 Pa. Commonwealth Ct. 519, 531 A.2d 585 (1987).

sponse to Petitioner's September 13, 1987 request for reconsideration and reopening of the record. It is provided in 1 Pa. Code §35.241 that a party to a proceeding must request reconsideration within fifteen days after the issuance of an adjudication or other final order by an agency. After Petitioner's request for appeal *nunc pro tunc* was denied by the Secretary on August 12, 1987, Petitioner was required to file his request for reconsideration and reopening of the record within fifteen days or by August 27, 1987. Thus, because Petitioner did not file his request for reconsideration until September 13, 1987, it was untimely, and since the timeliness of an appeal is jurisdictional, the Secretary was without authority to consider it.[6]

Accordingly, the order of the Secretary is hereby affirmed.

## ORDER

AND NOW, this 17th day of October, 1988, the order of Secretary John F. White, Jr. in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[6] *See Ormes v. Department of Public Welfare*, 98 Pa. Commonwealth Ct. 588, 512 A.2d 87 (1986).