557 A.2d 440

Melissa Strobhar, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 10, 1989, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harriet Dichter,* with her, *Amy E. Hirsch, Community Legal Services, Inc.,* for petitioner.

*Catherine Stewart,* Assistant Counsel, for respondent.

OPINION BY JUDGE PALLADINO, April 14, 1989:

Melissa Strobhar (Petitioner) appeals from a decision of the Department of Public Welfare (DPW) terminating her eligibility for Aid to Families with Dependent Children (AFDC) and Medical Assistance (MA) benefits. For the reasons which follow, we dismiss Petitioner's appeal.

On November 3, 1986, the County Assistance Office notified Petitioner it proposed to terminate the AFDC eligibility of Petitioner and her three children. A fair hearing was held on January 15, 1987 and on March 5, 1987 a hearing officer denied Petitioner's appeal. On March 6, 1987 the Office of Hearings and Appeals (OHA) affirmed the hearing officer's decision. Petitioner requested reconsideration, which request was denied on April 27, 1987. Thereafter, on May 8, 1987 Petitioner filed a petition for review with this court.

In *Keith v. Department of Public Welfare,* 121 Pa. Commonwealth Ct. 405, 551 A.2d 333 (1988), we outlined the various time requirements in DPW cases. Where, as here, a petitioner does not file a petition for review with this court concurrent with a request for reconsideration, the Executive Secretary has forty-five days in which to act on the request for reconsideration. 1 Pa. Code §35.241(d). As noted above, OHA's final decision was entered on March 6, 1987, and Petitioner thereafter requested reconsideration. The Executive Secretary had forty-five days from March 6, 1987 to act on Petitioner's request. The Executive Secretary did not

issue an order denying reconsideration until April 27, 1987, which is beyond the forty-five day period.[1]

The Executive Secretary was without authority to enter any order on April 27, 1987. *Monsour Medical Center v. Department of Public Welfare*, 111 Pa. Commonwealth Ct. 359, 533 A. 2d 1114 (1987). Thus, the April 27, 1987 order cannot be appealed to this court.[2] Accordingly, Petitioner's appeal is dismissed.[3]

---

[1] In the present case, we need not determine the actual date Petitioner filed for reconsideration. Petitioner had until Monday, March 23, 1987 to file for reconsideration. DPW then had 30 days from March 23 to act on Petitioner's request for reconsideration. April 27, 1987 is beyond that 30 day period.

[2] In *Keith*, DPW denied the petitioner's request for reconsideration within 45 days of the OHA final decision. The petitioner's appeal to this court was filed within 30 days of DPW's denial of reconsideration. Accordingly, we reviewed the denial of reconsideration under an abuse of discretion standard of review. In the present case, because DPW's denial of reconsideration was not within the 45 day period, we cannot review that order.

[3] We are aware of DPW's regulation at 55 Pa. Code §275-.4(h)(4)(ii), which provides, in pertinent part:

> Either party to a proceeding has 15 days from the date of the decision of the Director of the Office of Hearings and Appeals within which to request reconsideration of that decision by the Secretary of the Department. The request must be in writing and must set forth in detail the basis upon which the request is made. The request should be addressed to the Secretary, but delivered to the Director, Office of Hearings and Appeals, who, upon receipt of a request for reconsideration, will forward the entire file and the request to the Secretary within 1 working day of the receipt of the request. The Secretary will, within 15 working days from the date the request is received, respond in writing to the request. . . .

This regulation does not affect the result in this case.

The dates specified in section 275.4(h)(4)(ii) make it nearly impossible, and certainly impracticable, for this court to calculate time periods. The regulation states that a party has 15 days in which to request reconsideration by the Secretary. In its final decisions, DPW informs parties that a request for reconsideration must be *postmarked* within 15 calendar days from the date of the final decision. Generally, records from DPW do not contain postmark dates.

ORDER

AND NOW, April 14, 1989, the appeal of Melissa Strobhar is dismissed.

---

To further complicate matters, section 275.4(h)(4)(ii) provides that the Secretary is to respond "within 15 *working* days from the date the request is received ... ." (Emphasis added.) Such language requires a determination of how many days are "working days" in a given period of time. Which holidays are observed, and the dates on which such holidays are observed, varies within the Commonwealth and also varies from year to year.

Furthermore, the procedure provided for in section 275-.4(h)(4)(ii) is internally inconsistent. A party has 15 days in which to request reconsideration. In determining whether such a request is timely, DPW, as noted above, informs the parties that the postmark date is the controlling date. However, in calculating the time within which it must act, DPW uses "the date the request is received." Also, a party has 15 *calendar* days in which to request reconsideration, while the Secretary has 15 *working* days in which to act. These inconsistencies make the regulation unmanageable.

Finally, and perhaps most importantly, it is clear that section 275.4(h)(4)(ii) was designed to complement 55 Pa. Code section 275.4(h)(4)(iv). Section 275.4(h)(4)(iv) states: "(In cases where there is a request for reconsideration, the time limit, 30 days, for appealing the decision of the Department to the Commonwealth Court will begin on the date the Secretary responds to the request.)" We have invalidated section 275.4(h)(4)(iv) as contrary to Pa. R.A.P. 1701(b) and as an impermissible attempt by DPW to toll the appeal period from a final order. *Modzelewski v. Department of Public Welfare*, 109 Pa. Commonwealth Ct. 519, 531 A.2d 585 (1987); *Ormes v. Department of Public Welfare*, 98 Pa. Commonwealth Ct. 588, 512 A.2d 87 (1986). *See* Pa. R.A.P. 1701(b). Section 275.4(h)(4)(ii) is obviously designed to provide time requirements to complement section 275.4(h)(4)(iv). This would all be well and good, of course, if the latter section were still valid. If that were the case, then only DPW would have to deal with the time limits of section 275.4(h)(4)(ii).

To sum up, we invalidate section 275.4(h)(4)(ii) insofar as it provides for a "15 working day" period in which the Secretary is to act on a request for reconsideration. Section 275.4(h)(4)(ii) makes computation of timeliness nearly impossible, is inherently inconsistent, and was designed to complement a previously invalidated corollary section. We reaffirm our holding in *Keith*, wherein we applied the general provisions of 1 Pa. Code §35.241. Section

35.241(d) provides that an agency head has 30 days within which to act on an application for reconsideration, after which the application shall be deemed denied.

We emphasize that our application of section 35.241 does not prejudice Petitioner. In fact, our application of a 30 calendar day limit rather than a 15 working day limit extends the period during which the Secretary was authorized to act. The final order was entered on March 6, 1987. Petitioner's request for reconsideration was, it seems, postmarked March 17, 1987 and was apparently received by the Secretary on March 24, 1987. Fifteen working days from Tuesday, March 24, 1987 would be anywhere from Tuesday, April 14 to Monday, April 20, 1987. The Secretary did not act until Monday, April 27, 1987. Thus, even with a generous allowance of 3 possible holidays between March 25 and April 20, the Secretary did not act within 15 working days. We note that our attempt to calculate the above 15 working day period demonstrates the unmanageability of section 275.4 (h) (4) (ii) .

As we noted in the body of the present opinion, the Secretary's denial of reconsideration was not within 30 calendar days, even assuming that Petitioner did not file her request until the 15th day following the final decision. Thus, under either regulation, the Secretary's denial of reconsideration was untimely and, therefore, the Secretary had no authority to enter an order.

Finally, we emphasize, once again, that the prudent approach in these matters is to file an appeal concurrent with the request for reconsideration.

---

CONCURRING OPINION BY JUDGE DOYLE:

I respectfully concur in the result only. I am in complete agreement with the majority that the appeal here must be quashed because the Secretary failed to act in a timely manner. Further, I cannot deny that the time frames set forth in Regulation 275.4(h)(4)(ii), 55 Pa. Code §275.4(h)(4)(ii), are unduly cumbersome. My objection is that we are invalidating this subsection of the Regulation *sua sponte* and, thus, the Department of Public Welfare (DPW) has not been given an opportunity to defend it.

As the majority has itself demonstrated, the regulation *is* capable of being applied, albeit not without engag-

ing in vigorous mental gymnastics. But, the fact that it can be applied without directly conflicting with other laws makes this case different from *Ormes v. Department of Public Welfare,* 98 Pa. Commonwealth Ct. 588, 512 A.2d 87 (1986), wherein a different subsection of the instant Regulation was in direct and unresolvable conflict with Rule of Appellate Procedure 1701(b)(3) and, thus, was invalidated *sua sponte* by this Court.

Finally, I must note that the Regulation in question here is one of DPW's own regulations and has been promulgated to apply only in public assistance cases. *See generally Northwestern Institute of Psychiatry v. Department of Public Welfare,* 99 Pa. Commonwealth Ct. 213, 513 A.2d 495 (1986). Regulation 35.241(d), 1 Pa. Code §35.241(d), which the majority utilizes in lieu of DPW's own Regulation, is a catch-all regulation which appears in the General Rules of Administrative Practice and Procedure (General Rules). Regulation 31.1(c) of the General Rules, 1 Pa. Code §31.1(c), provides that the General Rules are "not applicable to a proceeding before an agency to the extent that the agency has promulgated inconsistent regulations on the same subject." Inasmuch as DPW has promulgated such a rule, I do not believe it is appropriate for us in the circumstances of this case to invalidate a subsection of DPW's Regulation and proceed to apply the General Rules without at least affording DPW the opportunity to defend its own Rule.[1] For these reasons I concur in the result only.

---

[1] DPW may well have a valid defense for its rule. For example, I note that the term "working days" has been utilized by the legislature in Section 803 of the Civil Service Act, Act of August 5, 1941 P.L. 752, *as amended,* 71 P.S. §741.803 (providing that the suspension of a state civil servant "shall not exceed thirty *working days* in one calendar year") (emphasis added).