# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Troy Nabried,                                        :
                              Petitioner              :
                                                     :
            v.                                       :        No. 442 C.D. 2019
                                                     :        Submitted:  April 24, 2020
Pennsylvania Board of Probation                      :
and Parole,                                          :
                              Respondent             :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: August 26, 2020**


Troy Nabried (Petitioner) petitions for review from a March 12, 2019
decision of the Pennsylvania Board of Probation and Parole[1] (Board) dismissing as
untimely Petitioner's request for administrative review of the Board's November
18, 2015 decision recommitting Petitioner as a technical parole violator (TPV) and
convicted parole violator (CPV).  Also before the Court is the application of
Steven E. Burlein, Esquire (Counsel), for leave to withdraw as counsel

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation
and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the
Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections
6101 and 6111(a) of the Prisons and Parole Code (Code), *as amended*, 61 Pa.C.S. §§ 6101,
6111(a).

(Application). Upon review, we grant Counsel's Application and, because Petitioner requested administrative review on August 30, 2018, and January 23, 2019, more than 30 days after the issuance of the November 18, 2015 decision he challenges, we affirm.

Petitioner was sentenced on June 14, 2011, to two years and two months' to five years' imprisonment at a state correctional institution for his conviction of manufacture, sale, or possession with intent to deliver drugs. The minimum expiration date on this sentence was March 18, 2013, and the maximum expiration date was January 18, 2016. (Certified Record (C.R.) at 2.) By Board action recorded March 19, 2014, the Board paroled Petitioner to a community corrections residency in Philadelphia, and Petitioner was actually released on April 14, 2014. On February 19, 2015, while Petitioner was on parole, Petitioner was charged in Lackawanna County with intent to deliver a controlled substance, possession of a controlled substance, and possession of drug paraphernalia, in violation of Section 13(a)(1), (30), (32), of The Controlled Substance, Drug, Device and Cosmetic Act,[2] and possession of a firearm - prohibited, receiving stolen property, criminal conspiracy, and endangering the welfare of children, in violation of Sections 6105(a)(1), 3925(a), 903, and 4304 of the Crimes Code, respectively, 18 Pa.C.S. §§ 6105(a)(1), 3925(a), 903, 4304. (C.R. at 12-15.) On February 20, 2015, the Board issued a warrant to commit and detain Petitioner for violating his parole. (*Id.* at 21.) In a subsequent Notice of Charges and Hearing, the Board detailed Petitioner's technical violation as occurring when he left the district without prior permission of the parole supervision staff, which was evidenced by his criminal charges in Lackawanna County. On February 25, 2015, Petitioner waived his

---

[2] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(1), (30), (32).

2

rights to counsel and a violation hearing and admitted the violation. Accordingly, the Board issued a Technical Violation Arrest Report and, by Board decision mailed April 9, 2015, the Board recommitted Petitioner as a TPV to serve six months for his technical violation and stated that the "violation max date is subject to change if [Petitioner was] convicted of pending criminal charges." (*Id.* at 40-42.)

On April 24, 2015, Petitioner pleaded guilty to possession with intent to deliver a controlled substance - heroin and receiving stolen property. (*Id.* at 44.) The Board then issued a notice of charges and hearing for Petitioner's new conviction, and Petitioner waived his rights to counsel and a hearing and admitted to the conviction on May 5, 2015. On July 7, 2015, Petitioner was sentenced on his new criminal charges to an aggregate of 51 months' to 120 months' incarceration followed by 4 years' probation. Shortly thereafter, by order mailed July 28, 2015, the Board recommitted Petitioner as a CPV to serve his "unexpired term, when available, pending [his] return to a state correctional [institution]." (*Id.* at 67.) By order mailed November 18, 2015, the Board, referencing its July 28, 2015 decision, recommitted Petitioner as a TPV "to serve 6 months and as a [CPV] to serve [his] unexpired term of 1 year, 9 months, 4 days concurrently for a total of [his] unexpired term of 1 year, 9 months, 4 days." (*Id.* at 82.) This order further provided that Petitioner could "request [] administrative relief with the [B]oard within thirty (30) days of the mailing date," and "[f]ailure to administratively appeal the decision may affect [his] legal rights." (*Id.*) The Board recalculated Petitioner's maximum sentence date, noting that Petitioner owed 644 days of backtime, and adding those 644 days to July 7, 2015, Petitioner's custody for return date, resulted in a new maximum date of April 11, 2017. (*Id.* at 80.)

3

Petitioner timely filed a request for administrative review of the November 18, 2015 Order, arguing that the amount of backtime imposed was excessive in relation to Petitioner's lengthy sentence of incarceration for his new offenses and Petitioner's guilty plea demonstrated acceptance of responsibility warranting the imposition of less backtime. Petitioner further asserted that because his new crimes were not crimes of a violent or sexual nature, the Board was not required to forfeit the time he spent at liberty on parole and it should have awarded him credit for that time. (*Id.* at 84.)

The Board denied Petitioner's request for administrative review by letter mailed March 15, 2016. Citing the Board's regulations, the Board explained that the presumptive recommitment ranges for possession with intent to deliver a controlled substance - heroin and for receiving stolen property were, respectively, 24 to 36 months and 6 to 12 months, 37 Pa. Code § 75.2. (C.R. at 88.) Adding these two presumptive ranges together created a maximum recommitment term of 48 months, the Board stated; therefore, recommitting Petitioner to serve his unexpired term of 1 year, 9 months, and 4 days, fell within the presumptive range and was not subject to challenge. With regard to Petitioner's street time challenge, the Board explained that there was no right to receive this credit, and it was within the Board's discretion to award such time to a CPV, which it declined to do in this case.[3] (*Id.*) Therefore, the Board denied Petitioner's request for administrative review of the November 18, 2015 Order. Petitioner did not appeal.

---

[3] The Board also stated that it was not required to provide a statement of reasons for its decision to deny CPVs credit for street time, citing this Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016) (*Pittman I*), which was the controlling law at that time. The Supreme Court reversed this Court's decision in *Pittman I*, holding that the Board must provide a reason for its exercise of discretion not to award credit for time spent at liberty on parole, *Pittman v. Pennsylvania Board of Probation and* **(Footnote continued on next page…)**

4

Over a year later, Petitioner sent a letter received by the Board on August 30, 2017, requesting administrative review on the basis that his new maximum date exceeded the entire remaining balance of his original maximum date. He further asserted that the Board's recalculation of his maximum date violated the separation of powers doctrine and impermissibly extended his sentence and asked the Board to recalculate his maximum sentence. (*Id.* at 96.) Petitioner sent another request for administrative review, which was received by the Board on January 23, 2019. In this request, Petitioner again asserted that his new maximum date exceeded the balance of his sentence, illegally extended the sentence, and was in violation of the separation of powers doctrine. Petitioner also asserted in this request that the Board erred by not giving him credit for his time spent at liberty on parole and by not providing him notice and an opportunity to be heard before extending his maximum date in violation of his due process rights. Petitioner requested the Board to recalculate his maximum date. (*Id.* at 103.) By decision mailed March 12, 2019, the Board responded to Petitioner's requests for review received on August 30, 2017, and January 23, 2019, and dismissed the requests as untimely. (*Id.* at 105.) Petitioner's arguments related to review of the Board's decision of November 18, 2015, the Board explained, and Petitioner had until December 18, 2015, to appeal to that decision. Because the Board did not receive an appeal before that date and there was no indication that the petition was submitted to prison officials for mailing by that date, the Board dismissed the requests as

_____

**(continued…)**
*Parole*, 159 A.3d 466, 475 (Pa. 2017) (*Pittman II*). Petitioner has not challenged the Board's lack of reason given for not awarding street time. Further, because we conclude that Petitioner's present appeal is untimely, we do not address this.

5

untimely. (*Id.*) Petitioner filed a petition for review,[4] this Court appointed Counsel to represent Petitioner, and Counsel filed the instant Application and no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

When appointed counsel determines that an appeal is without merit, counsel may withdraw by complying with the technical requirements for withdrawal. Appointed counsel must send to the petitioner "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). Counsel's no-merit letter must detail "([1]) the nature and extent of counsel's review of the case; ([2]) each issue that the inmate wishes to raise on appeal; and ([3]) counsel's explanation of why each of those issues is meritless." *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). When "counsel has satisfied the technical requirements of a no-merit letter, then this Court will conduct its own independent review to determine whether the petition for review is, in fact, without merit." *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 44 (Pa. Cmwlth. 2010).

Here, Counsel has satisfied the technical requirements for withdrawal. Counsel served Petitioner with a copy of his no-merit letter and his Application. Further, Counsel advised Petitioner of his right to retain new counsel or proceed pro se by filing his own brief,[5] which Petitioner has done. Counsel stated in the

---

[4] Our review is "limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *McCloud v. Pa. Bd. of Prob. & Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

[5] By Order of this Court dated November 15, 2019, we directed the Application to be considered along with the merits of the appeal, advised Petitioner of his right to obtain counsel or **(Footnote continued on next page…)**

6

no-merit letter that he has reviewed the record and the issues raised in the Petition for Review and determined that there was no legal or factual basis for the challenge. Counsel set forth a detailed procedural history in the no-merit letter, reflecting a thorough review of the record, and concluded that the appeal to the Board was untimely and properly dismissed as such. Nevertheless, Counsel also detailed the issues raised in the Petition for Review that the Board's decision recalculating his maximum date violates the separation of powers doctrine and Petitioner's due process rights, along with an explanation as to why each issue was without merit, citing applicable statutory law, case law, and regulations. Counsel has complied with the requirements of a no-merit letter. Accordingly, we "will conduct [our] own independent review to determine whether the [P]etition for [R]eview is, in fact, without merit." *Id.*

Petitioner, pro se, filed a brief in support of his Petition for Review, arguing as follows.[6] The Board was without subject matter jurisdiction when it issued its decision[7] and recalculated Petitioner's maximum date because, in doing so, it revoked credit for street time that it previously granted. Further, the Board erred by revoking Petitioner's street time when it recommitted him as a CPV and recalculated his maximum date because it had no statutory authority to do so.

---

**(continued…)**

file a brief on his own behalf, and directed Counsel to serve the Order upon Petitioner. Counsel provided proof of his timely service of the Order.

[6] Following the submission of briefs in this matter, Petitioner filed on June 19, 2020, an Application for Relief (Application) seeking to correct a clerical error, namely the date of his first release from incarceration on April 14, 2014. We grant this Application.

[7] Petitioner refers to the Board decision that he is appealing as the Board's decision of October 30, 2015. The Board decision mailed on November 18, 2015, was recorded on October 30, 2015, (C.R. at 80); therefore, we understand Petitioner's arguments as a challenge to the November 18, 2015 Board decision.

7

(Petitioner's Brief (Br.) at 13 (citing *Penjuke v. Pa. Bd. of Prob. & Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019), *petition for allowance of appeal denied*, 228 A.3d 254 (Pa. 2020)).) Petitioner also contends that Counsel was ineffective because he did not object to the Board's lack of subject matter jurisdiction to issue its order recommitting him as a CPV, and Counsel's Application was erroneous, thereby violating Petitioner's substantive due process rights. Moreover, the Board acted in violation of the *ex post facto* clause and article I, section 10 of the Pennsylvania Constitution[8] because, when it issued its decision, it modified its action of April 3, 2015, in which it recommitted Petitioner as a TPV. When the Board recommitted Petitioner and recalculated his maximum date, it impermissibly revoked the street time it granted in that prior decision, violating Petitioner's due process rights. (*Id.* at 19-20 (citing *Passarella v. Pa. Bd. of Prob. & Parole*, 217 A.3d 919 (Pa. Cmwlth. 2019)).) Therefore, the Board should be directed to reinstate the street time Petitioner earned between April 14, 2014, when he was released from incarceration, and February 10, 2015, when he was recommitted.

The Board responds that it did not err in dismissing as untimely Petitioner's requests for administrative review of the November 18, 2015 decision, arguing as follows. The Board's regulations require that a request for administrative review be received by the Board within 30 days of the determination being challenged; otherwise the Board is without jurisdiction to consider it. Petitioner never appealed to this Court the Board's March 15, 2016 decision denying the first request for administrative review of the Board's November 18, 2015 decision. Therefore, Petitioner's requests for administrative review received by the Board on

---

[8] PA. CONST. art. I, § 17 ("No *ex post facto* law . . . shall be passed."); PA. CONST. art. I, § 10 ("No person shall, for the same offense, be twice put in jeopardy of life or limb . . . .").

8

August 30, 2017, and January 23, 2019, which challenged the November 18, 2015 decision, were properly denied as untimely.

Upon review, we agree with Counsel that Petitioner's claims on appeal are without merit and that the Board did not err or abuse its discretion in dismissing Petitioner's requests for administrative review as untimely. Section 73.1(b)(1) of the Board's regulations provides:

> A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a).[9] Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review.

37 Pa. Code § 73.1(b)(1). If the Board does not receive the petition for administrative review within 30 days of the mailing date of its determination, the Board is without jurisdiction to consider the matter and "should dismiss it as untimely." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993). Where a parolee does not file a timely appeal from a Board decision, this Court is barred "from considering the issues determined by that decision . . . ." *Lawrence v. Pa. Bd. of Prob. & Parole*, 145 A.3d 799, 803 (Pa. Cmwlth. 2016). This Court explained this jurisdictional nature of the appeal period to the Board in *Ayers v. Pennsylvania Board of Probation and Parole*, 565

---

[9] Subsection (a)(1) of Section 73.1 provides that "[a]n interested party, by counsel unless unrepresented, may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order." 37 Pa. Code § 73.1(a)(1). Because the Board treated Petitioner's filings as requests for administrative review, Section 73.1(b) applies.

A.2d 1257 (Pa. Cmwlth. 1989), where a petitioner did not appeal a final Board decision but instead filed a request for reconsideration 18 months later. In that case, the Board recommitted the petitioner as a CPV and a TPV,[10] the petitioner requested administrative review, and the Board granted in part and denied in part that request by order dated October 26, 1987. Petitioner did not appeal the October 26, 1987 order to this Court but filed with the Board 18 months later a request for reconsideration, which the Board denied. On appeal, the petitioner asserted error on the basis of ineffective assistance of counsel, a double jeopardy violation, and a due process violation. We did not address these issues on review, agreeing with the Board that it was an untimely appeal of the October 26, 1987 decision. *Id.* at 1258. We explained:

> Under the provisions of 37 Pa. Code § 73.1, a petition for administrative review of a board determination relating to revocation decisions is to be received within 30 days of the mailing date of the determination. In this case, [the p]etitioner's request for reconsideration, filed in April 1989, is well beyond the 30[-]day period within which a request for administrative review is to be made, and comes approximately 18 months after the Board's last action in this matter. Because [the p]etitioner did not file his request for reconsideration of the Board's October 26, 1987 order until April of 1989 it was untimely, and since the timeliness of an appeal is jurisdictional, the Board was without authority to consider it. *Ziev v. Dep['t] of Pub[.] Welfare*, . . . 548 A.2d 701 ([Pa. Cmwlth.] 1988).

*Ayers*, 565 A.2d at 1258. We discussed the timeliness of requests for administrative review recently in *Adams v. Pennsylvania Board of Probation and*

---

[10] Upon the Board's initial recommitment of the petitioner as a TPV and CPV, the petitioner requested administrative review, which was denied, and the petitioner appealed to this Court. At the Board's request, we remanded the matter to the Board for a hearing, at which time the Board again found the petitioner to have committed the same violations and recommitted him as a TPV and CPV, adjusting the length of backtime to be served.

*Parole* (Pa. Cmwlth., No. 777 C.D. 2018, filed August 27, 2019).[11]  In *Adams*, the petitioner was arrested on multiple occasions while he was at liberty on parole, and the Board issued two different decisions recommitting the petitioner based on his new convictions.  The petitioner timely filed a request for administrative review to the first Board decision on October 3, 2016, but filed on September 14, 2017, a request for administrative review to the second Board decision of November 4, 2016.  With regard to the petitioner's request for administrative review of the November 4, 2016 decision, the Board dismissed it as untimely, and we affirmed. *Id.* at 10.  Citing Section 73.1 of the Board's regulations, we explained that if the petitioner's "September 14, 2017 [a]dministrative [r]emedies [f]orm is deemed to be either an untimely [a]dministrative [a]ppeal of the Board's November 4, 2016 decision or a [p]etition for [a]dministrative [r]eview of the same, the Board was without jurisdiction to consider the claims raised therein or to grant the requested relief." *Id.*

Here, in his requests for administrative review by letters of August 30, 2017, and January 23, 2019, Petitioner challenged the Board's decision to recommit him as a TPV and CPV and the subsequent recalculation of his maximum date because of that recommitment.  Petitioner challenges the substance of that action now.  However, these challenges relate to the Board's November 18, 2015 order wherein the Board recommitted Petitioner.  Per that order and Section 73.1 of the Board's regulations, Petitioner had the opportunity to challenge that decision within 30 days through a request for administrative review, which Petitioner did.  The Board

---

[11] *Adams*, an unreported opinion of this Court, is cited for its persuasive value in accordance with Pennsylvania Rule of Appellate Procedure 126, Pa.R.A.P. 126, and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

addressed Petitioner's concerns that were raised therein, and Petitioner did not appeal to this Court. Therefore, the Board's order became final and any claims that Petitioner had challenging the actions in that order are unappealable. As in *Ayers*, Petitioner's requests for administrative review of the November 18, 2015 order are "well beyond the 30[-]day period within which a request for administrative review is to be made," and were filed over a year "after the Board's last action in this matter." *Ayers*, 565 A.2d at 1258. Because Petitioner's requests for administrative review were filed over 30 days after the order which he now substantively challenges, the Board was without jurisdiction to consider them and properly dismissed the requests. Therefore, this Court is barred "from considering the issues determined by that [November 18, 2015] decision . . . ," *Lawrence*, 145 A.3d at 803, and we must agree with Counsel that the issues raised in the Petition for Review are without merit.[12]

---

[12] Even if Petitioner's requests for administrative review to the Board were timely, his issues raised in the current appeal are without merit. Petitioner's contentions that the Board erred because it violated the *ex post facto* clause and article I, section 10 of the Pennsylvania Constitution and it revoked street time credit that it previously granted were not raised in the Petition for Review or before the Board and are, therefore, waived. *See, e.g.*, *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) (stating issues not raised in a petition for review are waived); *McCaskill*, 631 A.2d at 1094-95 (stating that issues not raised to the Board are waived).

Petitioner also contends that the Board lacked subject matter jurisdiction by modifying his sentence in the November 18, 2015 order. Although the question of subject matter jurisdiction may be raised at any time, it is unclear to what extent this assertion of subject matter jurisdiction can overcome Petitioner's untimeliness. Nevertheless, we disagree with Petitioner that the Board lacked subject matter jurisdiction, as "[i]t is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator . . . so long as the crimes that lead to the conviction occurred while the individual is on parole." *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 73 (Pa. Cmwlth. 2013). Moreover, the Board acted pursuant to its authority under the Code and did not modify Petitioner's original sentence, but "reentered [Petitioner] to serve the remainder of the term which [he] would have been compelled to serve had the parole not been granted . . . ." Section 6138(a)(2) of the Code, 61 Pa.C.S. § 6138(a)(2).
**(Footnote continued on next page…)**

12

Accordingly, because Counsel has complied with the technical requirements for withdrawal and we agree after an independent review that the appeal is without merit, we grant the Application. Furthermore, because Petitioner's requests for administrative review were filed beyond the 30-day appeal period, we affirm the Board's order dismissing the requests as untimely.

_____
**RENÉE COHN JUBELIRER,** Judge

_____
**(continued…)**

Petitioner asserts ineffective assistance of Counsel because Counsel did not object to the Board's lack of subject matter jurisdiction. While the right to "effective assistance of counsel includes the right to assistance in the task of perfecting an appeal from a denial of administrative relief," a petitioner's failure "to take an appeal within the time allowed by law will preclude the assertion of such right unless the failure to do so has resulted from an unconstitutional deprivation of assistance of counsel." *Larkin v. Pa. Bd. of Prob. & Parole*, 555 A.2d 954, 956-57 (Pa. Cmwlth. 1989). Because Petitioner was pro se before the Board and did not timely appeal, he cannot now assert ineffective assistance of counsel. Moreover, as explained above, the Board had subject matter jurisdiction to recommit Petitioner following his new convictions and this was not a modification of his sentence. To the extent Petitioner contends that Counsel's Application is erroneous and violates his substantive due process rights, we disagree, as we find that Counsel complied with the technical requirements of a no-merit letter. Finally, we discern no violation of the separation of powers doctrine or violation of Petitioner's due process rights by the Board's decision recalculating his maximum sentence date. It is well settled that the Board does not violate the separation of powers doctrine by "acting pursuant to 61 Pa.C.S. § 6138 and recommitting [a p]etitioner as a [CPV] without credit for time served at liberty on parole." *Davidson v. Pa. Bd. of Prob. & Parole*, 33 A.3d 682, 686 (Pa. Cmwlth. 2011). Moreover, this Court has consistently held that "a proper recomputation of a sentence may constitutionally be performed administratively," and we discern no violation of Petitioner's due process rights by the Board's recalculation of Petitioner's maximum sentence. *Robinson v. Dep't of Justice*, 377 A.2d 1277, 1279 (Pa. Cmwlth. 1997).

13

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Troy Nabried,                                        :
                  Petitioner    :
                                 :
              v.                    :   No. 442 C.D. 2019
                                 :
Pennsylvania Board of Probation      :
and Parole,                                          :
                  Respondent    :

# **O R D E R**

**NOW**, August 26, 2020, Troy Nabried's application for relief in the nature of a motion for leave to correct a clerical error is **GRANTED**. Further, Steven E. Burlein, Esquire's application for leave to withdraw as counsel is **GRANTED**, and the decision of the Pennsylvania Board of Probation and Parole dated March 12, 2019, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge