# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Martinez,                                :
                 Petitioner      :
                                :
             v.                      : No. 523 M.D. 2020
                                : Submitted: April 23, 2021
The Pennsylvania State Parole Board :
and The Pennsylvania Department      :
of Corrections,                              :
                 Respondents     :

BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                FILED: August 6, 2021

Justin Martinez (Martinez) petitions this Court for review of an August 14, 2020 Order of the Pennsylvania Parole Board (the Board)[1] denying administrative relief by dismissing as untimely Martinez's action challenging the Board's recalculation of his maximum sentence date. Before this Court, Martinez also names the Pennsylvania Department of Corrections (DOC), asserting that the

---

[1] Martinez incorrectly names the Board as "The Pennsylvania State Parole Board." Pursuant to Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020), the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

delay in his request for administrative relief with the Board resulted from an issue with the DOC-controlled mail system within the State Correctional Institution (SCI).[2] The DOC contends that the Board properly dismissed Martinez's administrative remedies request as untimely, and even if Martinez's action was to proceed on the merits, the Board had the authority to recalculate Martinez's maximum sentence date based on his recommitment as a convicted parole violator (CPV). Upon review, we affirm the Order of the Board.

## I.     Background

Martinez is an inmate currently incarcerated at SCI-Somerset. Certified Record (C.R.) at 98. On February 4, 2014, Martinez was sentenced to three to seven years in an SCI for robbery by the York County Court of Common Pleas. *Id.* at 8. Martinez's minimum sentence date was February 17, 2016, and his maximum sentence date was February 17, 2020. *Id.*

In a decision dated November 12, 2015, the Board granted Martinez parole. *Id.* at 5. Martinez was released to an approved plan residence on January 18, 2016. *Id.* at 8. On October 3, 2016, the Board issued Martinez a parole violation warning for failing to comply with conditions of his parole. *Id.* at 12.

On October 5, 2016, a criminal complaint was filed against Martinez in York County for aggravated assault, firearms offenses, simple assault, and recklessly endangering another person. *Id.* at 18-19. Bail was denied and the charges were held for court on December 1, 2016. *Id.* at 51-52. On October 11, 2016, a separate criminal complaint was filed against Martinez in York County for the prohibited

---

[2] The DOC submitted a brief with this Court on behalf of both the DOC and the Board, who are named collectively as Respondents in this matter. While Martinez lists the DOC as a Respondent, all substantive allegations within his Petition for Review (Petition) are against the Board.

2

possession of a firearm and tampering with physical evidence. *Id.* at 14. Bail was denied, and the charges were held for court on January 5, 2017. *Id.* at 56.

The Board declared Martinez delinquent on October 17, 2016, and issued a warrant and detainer. *Id.* at 28-30. On November 8, 2016, Martinez waived his rights to a violation hearing and to counsel, admitting his technical parole violations, including failure to report, failure to complete drug and alcohol evaluations, and failure to enter the work force. *Id.* at 32-33. The Board issued a decision on February 22, 2017, ordering that Martinez be recommitted as a technical parole violator for six months as well as recommitment pending disposition of his new criminal charges. *Id.* at 36-40. As a result, Martinez's new maximum sentence date was calculated as March 6, 2020. *Id.* at 57-61.

On July 10, 2017, Martinez pleaded guilty to prohibited possession of a firearm and was sentenced by the York County Court of Common Pleas to 4 years and 6 months to 9 years in an SCI with 249 days of credit. *Id.* at 68. On the same day, Martinez also pleaded guilty to tampering with physical evidence and was sentenced to 2 months to 24 months in an SCI with 249 days of credit by the York County Court of Common Pleas. *Id.* at 76-77. Both sentences were ordered to run concurrently with each other. *Id.* at 68.

Following sentencing, the Board recommended not awarding Martinez credit for time spent at liberty on parole, or "street time," due to the violent nature of the new convictions. *Id.* at 97. On November 1, 2017, the Board issued a decision and order to recommit Martinez to an SCI as a CPV to serve 18 months concurrently, for a total of 18 months' backtime. *Id.* at 98. The Board recalculated Martinez's maximum sentence date as July 9, 2021. *Id.*

On August 8, 2019, the Board received an administrative remedies form, dated August 4, 2019, in an envelope postmarked August 6, 2019, from Martinez, alleging that his recalculated maximum sentence date resulted in a violation of his constitutional rights, specifically his rights under the Fifth and Eighth Amendments of the United States Constitution.[3]  *Id.* at 103. In a decision dated August 14, 2020, the Board dismissed Martinez's claim as untimely.  *Id.* at 105. Martinez now petitions this Court for review.[4]

## II.    Discussion

### A. Timeliness

At its core, the instant case involves an issue of timeliness, specifically whether Martinez exhausted his administrative remedies before the Board in a timely manner.   In its August 14, 2020 Order, the Board did not reach the merits of Martinez's claim, instead dismissing his challenge as untimely.  Before this Court, Martinez asserts that while he did not appeal the recalculation of his maximum sentence date by the Board in a timely manner, any delay was the result of an alleged issue with the DOC mail system within the SCI.

"Prisoners desiring to appeal a determination of the Board must file an administrative appeal within 30 days of the mailing date of the determination." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993) (citing 37 Pa. Code §73.1(a)(1)).  The decision that established Martinez's parole violation date was mailed to him on November 28, 2017.  C.R. at 98-99.  Thus, a

---

[3] U.S. Const. amends. V & VIII.

[4] Our review of a Board decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the constitutional rights of the parolee were violated.  *Detar v. Pa. Bd. of Prob. & Parole*, 890 A.2d 27, 29 n.3 (Pa. Cmwlth. 2006) (citation omitted).

4

timely request for relief from that decision was due within 30 days of that date, by December 28, 2017. Martinez's request for relief was not received by the Board until August 8, 2019. *Id.* at 103-05.

This Court has previously held that in situations where a decision of the Board is not timely appealed, the Board is without authority to consider it as timeliness of an appeal is jurisdictional. *Ayers v. Pa. Bd. of Prob. & Parole*, 565 A.2d 1257, 1258 (Pa. Cmwlth. 1989) (citing *Ziev v. Dep't of Pub. Welfare*, 548 A.2d 701 (Pa. Cmwlth. 1988)). Specifically, "[w]here a prisoner fails to meet this deadline, this [C]ourt has held that the Board has no jurisdiction to entertain the appeal and should dismiss it as untimely." *McCaskill*, 631 A.2d at 1095 (internal citation omitted). In keeping with these principles, the Board dismissed Martinez's request for administrative relief as untimely.

Before this Court, Martinez does not provide an explanation for the untimeliness of his appeal to the Board, beyond an allegation that "there must have been an issue with the mail inside the [SCI]." Martinez's Br. at 8. Further, Martinez claims:

> [Martinez] did File his State Parole Appeal Petition, on Time but [Martinez] has no Control on Were [sic] and When the United States Mail Leave's [sic] Out of any [SCI] in the Commonwealth of Pennsylvania, [Martinez] also Know [sic] of Cases and the History inside of the Pennsylvania [DOC] were [sic] you had staff members Dismissed for Messing the Prisoners [sic] United States Mail as well as the Institutional Mail. !!!!!

Petition at 2 (capitalization in original). However, Martinez does not provide any evidence to support his position or any argument beyond this statement.

The Board received Martinez's administrative remedies form via mail on August 8, 2019, with August 6, 2019, postmarked on its accompanying envelope.

5

C.R. at 103. Martinez does not allege that the Board timely received his administrative remedies form, but instead simply that the delay of one year and nine months in receipt of the form by the Board is attributable to an "issue with the mail." Martinez's Br. at 8. Thus, Martinez, without further evidence, asks this Court to reverse the determination of the Board dismissing his appeal and to evaluate the merits of his substantive claims.

"Board regulations provide that an application for administrative relief must be filed within 30 days from the date of the Board's order." *Cadogan v. Pa. Bd. of Prob. & Parole*, 541 A.2d 832, 833 (Pa. Cmwlth. 1988). In the instant case, Martinez filed an appeal with the Board on August 8, 2019, one year and nine months after his filing deadline of December 28, 2017. While Martinez makes unsubstantiated accusations against the DOC and the overall SCI mail system as to the delay in his filing, the administrative remedies form, received by the Board on August 8, 2019, was postmarked August 6, 2019. Absent a legitimate explanation for the lengthy delay in his appeal, the Board did not err in dismissing his appeal as untimely.

### B. Martinez's Substantive Claims

Because Martinez's appeal to the Board was untimely made, we determine that the Board did not err in dismissing the appeal as untimely and, consequently, for lack of jurisdiction. Thus, we need not address the merits of the claims presented to this Court by Martinez in his Petition or brief.

### III.    Conclusion

For the foregoing reasons, we affirm the Board's August 14, 2020 Order dismissing Martinez's administrative appeal as untimely.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Martinez,                          :
                Petitioner       :
                           :
           v.                      :  No. 523 M.D. 2020
                           :
The Pennsylvania State Parole Board  :
and The Pennsylvania Department      :
of Corrections,                      :
                Respondents      :

# **O R D E R**

      **AND NOW**, this 6th day of August 2021, we **AFFIRM** the August 14, 2020 Order of the Pennsylvania Parole Board.

_____
J. ANDREW CROMPTON, Judge